UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KEVIN MURPHY, Administrator of the<br>Estate of LAWRENCE MARTIN PAYNE,<br>BARBARA GOREN and MICHAEL PAYNE, | : | |
| | : | |
| | : | |
| DARRELL W. DARLING and KAREN A.<br>DARLING, Individually and as Co-Personal<br>Representatives of the Estate of ADAM NOEL<br>DARLING, deceased, | : | Civil No. 3:03CV500 (MRK) |
| | : | |
| KEVIN MURPHY, Administrator of the Estate<br>of GAIL E. DOBERT, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA,<br>DEPARTMENT OF THE AIR FORCE and<br>COLONEL CHARLES H. WILCOX II, | : | |
| | : | |
| Defendants. | : | November 7, 2003 |

REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO DISMISS

Pursuant to Rule 7 of the Local Rules of Civil Procedure, and the Order of this Court dated

October 30, 2003, the Defendants, United States of America, Department of the Air Force and

Colonel Charles H. Wilcox ("Defendants"), hereby respectfully submit this reply brief in further

support of their motion to dismiss the complaint in the above-captioned case. This brief is also

submitted in response to the Plaintiffs' Memorandum in Opposition to the United States' Motion to

Dismiss, which memorandum was filed on September 15, 2003.

I.    Argument: Plaintiffs Have Failed to Establish That There Has Been a Waiver of Sovereign
      Immunity

In their opposition papers, Plaintiffs argue that this Court may review the decision of the Air

Force for various reasons. A further examination of the statutory schemes at issue in this case

reveals that this argument is fundamentally flawed.

A.    The MCA Precludes Judicial Review

The Military Claims Act, 10 U.S.C. § 2733, *et seq.*, (MCA),  was enacted in 1943 as Pub.L.

No. 78-112, 57 Stat. 372.  The MCA "authorizes compensation, not to exceed $100,000, for

property damage, personal injury or death caused by noncombat activities of armed forces

personnel." Niedbala v. United States, 37 Fed. Cl. 43, 46 (Fed. Cl. Nov 22, 1996).  The MCA

makes final any decisions made under that Act. See 10 U.S.C. § 2735 ("Notwithstanding any other

provision of law, the settlement of a claim under section 2733, 2734, 2734a, 2734b, or 2737 of this

title is final and conclusive.")

As Defendants noted in their moving papers, Section 2735 has been almost universally

interpreted as precluding judicial review of claims adjudicated under the MCA.  See Defendants'

Memorandum dated August 1, 2003 at 6-8, and the cases cited therein.  Courts have reached this

conclusion after reviewing the legislative history of the MCA.  For example, in Hata v. United

States, 23 F.3d 230, 232 (9th Cir.1994), the Court concluded that "the express language of the

MCA provides clear and convincing evidence of legislative intent", but noted:

> The legislative history of the MCA, however, is inconclusive on the issue of congressional
> intent. A 1964 Senate Report contains a letter from the Assistant Secretary of the Interior to
> Senator James Eastland, Chairman of the Judiciary Committee, specifically stating that the
> MCA makes "[n]o provision ... for appeal to the courts." S.Rep. No. 1423, 88th Cong., 2d
> Sess., reprinted in 1964 U.S.C.C.A.N. 3407, 3414-15. On the other hand, a letter attached
> to the 1972 Senate Report states: "The proposed legislation would be consistent with the
> cited general policy of preventing other agencies of the Government from reviewing and
> reversing actions on claim settlements of agencies specifically authorized to settle and pay
> certain claims." S.Rep. No. 1056, 92d Cong., 2d Sess., reprinted in 1972 U.S.C.C.A.N.
> 3106, 3109-10. The Government correctly points out that these letters are not inconsistent
> but merely speak to different types of review preclusion. As the First Circuit has indicated, a
> review of the legislative history "reveals inconsistency and nothing persuasive." Rodrigue v.
> United States, 968 F.2d 1430, 1434 (1st Cir.1992). Nonetheless, the language of the MCA
> is sufficiently clear that analysis of the legislative history is unnecessary to discern
> congressional intent.

Hata, 23 F.3d at 232, n.3.  The Supreme Court has stated:

> Whether and to what extent a particular statute precludes judicial review is determined not
> only from its express language, but also from the structure of the statutory scheme, its
> objectives, its legislative history, and the nature of the administrative action involved. See
> Southern R. Co. v. Seaboard Allied Mining Corp., 442 U.S. 444, 454-63 . . . (1979); Morris
> v. Gressette, 432 U.S. 491, 499-07 . . . (1977).

Block, 467 U.S. at 345 (additional citations omitted).  The express language of the MCA precludes judicial review and the legislative history of the MCA does not reflect any Congressional intent to permit such review.  Accordingly, the courts have properly construed Section 2735 as preclusive.

In Labash v. United States Department of the Army, 668 F.2d 1153, 1155 (10th Cir. 1982), the Tenth Circuit reproached the district court for reviewing the substance of  the Army's decision under the MCA .

> The Secretary of the Army denied Mr. LaBash's claim for relief under the Military Claims Act, 10 U.S.C. ss 2731-2737. The trial court concluded that the Military Claims Act affords no relief for a claim of this kind. Although we agree with the trial court's conclusion, we have determined that 10 U.S.C. s 2735, in the absence of a cognizable constitutional claim, expressly precludes review of the Secretary's decision to deny the claim by the district or appellate court. As pertinent here, s 2735 provides that "(n)otwithstanding any other provision of law, the settlement of a claim under (the Military Claims Act) is final and conclusive." Section 2731 defines "settle" to mean "consider, ascertain, adjust, determine, and dispose of a claim, whether by full or partial allowance or by disallowance." It is clear then that the Secretary's denial of this claim was a "settlement," as defined by the statute, and that the statute contemplates no further review of the Secretary's decision.

Labash, 668 F.2d at 1155 (emphasis added).

Plaintiffs urge this Court to follow the reasoning of  Welch v. United States, 446 F. Supp. 75, 77-8 (D. Conn. 1978) in which the court did not construe Section 2375 as precluding judicial review.  See Plaintiffs' Memorandum at 5.  However, the Plaintiffs have not explained why the Court should adhere to Welch when the clear weight of judicial precedent interpreting that provision finds Welch to be an aberration.

In light of Section 2735, this Court is without jurisdiction to review the decision of the Air Force in this case.

### B.    Neither the APA nor the Federal Question Statute Permit Judicial Review in Light of the MCA's Preclusive Effect

Plaintiffs argue that judicial review of the decision of the Air Force is available under the Administrative Procedure Act, 5 U.S.C. § 706.  While the APA does provide for judicial review, see

5 U.S.C. § 702[1], the APA does not provide an independent basis for subject matter jurisdiction. Lunney v. United States, 319 F.3d 550, 557-58 (2d Cir. 2003). Instead, the APA waives the government's sovereign immunity in actions brought under federal questions statute, 28 U.S.C. § 1331. Lunney, 319 F.3d at 558. The APA "confers a general cause of action upon persons 'adversely affected or aggrieved by agency action within the meaning of a relevant statute,' 5 U.S.C. § 702, but withdraws that cause of action to the extent the relevant statute 'preclude[s] judicial review' ". Block v. Community Nutrition Inst., 467 U.S. 340, 345 (1984) (quoting 5 U.S.C. § 701(a)(1)).

Similarly, while 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," that section is subject to any "preclusion-of-review statutes created or retained by Congress." Califano v. Sanders, 430 U.S. 99, 105 (1977).

Accordingly, neither the APA nor Section 1331 automatically provides this Court with subject matter jurisdiction which would permit judicial review of the decision of the Air Force in this case. Rather, both statutes expressly prohibit such review in the face of preclusion-of review statutes.

As argued, supra, at Section A, this case clearly involves a preclusion-of-review statute. The applicability of 10 U.S.C. § 2375 of the MCA deprives this Court of subject matter jurisdiction to review the decisions of the Air Force. Because of the preclusive nature of Section 2375, neither the APA nor 28 U.S.C. § 1331 provides the Plaintiffs with an independent basis for jurisdiction.

C.    The APA Also Precludes Judicial Review Because the Actions of the Air Force are Committed to that Agency's Discretion

Plaintiffs recognize that the APA also precludes judicial review when a decision is committed to agency discretion by law. See Plaintiffs' Memorandum at 6 (citing 5 U.S.C. §

---

[1]Section 702 of the APA provides that " [a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."

701(a)(2)).  Plaintiffs attempt to avoid the preclusive effect of Section 701(a)(2) by arguing that the

Air Force acted outside of its discretion and exceeded its statutory authority when it promulgated

32 C.F.R. § 842.50(r) and Air Force Instruction 51-501.  See id. at 4-5, 12.  However, Plaintiffs'

argument must fail.

> As the Supreme Court has noted:
>
> The APA provides that "[a] person suffering legal wrong because of agency action, or
> adversely affected or aggrieved by agency action within the meaning of a relevant statute,
> is entitled to judicial review thereof," 5 U.S.C. § 702, and we have read the APA as
> embodying a "basic presumption of judicial review," Abbott Laboratories v. Gardner, 387
> U.S. 136, 140, 87 S.Ct. 1507, 1511, 18 L.Ed.2d 681 (1967). This is "just" a presumption,
> however, Block v. Community Nutrition Institute, 467 U.S. 340, 349, 104 S.Ct. 2450, 2455,
> 81 L.Ed.2d 270 (1984), and under § 701(a)(2) agency action is not subject to judicial review
> "to the extent that" such action "is committed to agency discretion by law."

Lincoln v. Vigil, 508 U.S. 182, 190 (1993).   The APA's waiver of sovereign immunity means that

"there is no jurisdiction if the statute or regulation said to govern the challenged agency action 'is

drawn so that a court would have no meaningful standard against which to judge the agency's

exercise of discretion.' " Lunney, 319 F.3d at 558 (quoting Heckler v. Chaney, 470 U.S. 821, 830

(1985)).  This determination "requires careful examination of the statute on which the claim of

agency illegality is based . . . and requires dismissal when there is "no law to apply." Lunney, 319

F.3d at 558 (quoting  Webster v. Doe, 486 U.S. 592, 600 (1988), Citizens to Preserve Overton

Park v. Volpe, 401 U.S. 402, 410 (1971), and S.Rep. No. 752, 79th Cong., 1st Sess., 26 (1945)).

The complaint in this case challenges the Air Force's decisions to deny Plaintiffs' claims

under the Military Claims Act.[2]  It is undisputed that the MCA commits to the discretion of the Air

Force the decision whether to pay claims under that act.  See 10 U.S.C. § 2733.  Under the MCA,

Plaintiffs are only entitled to such procedures as the Secretary concerned may prescribe.   10

---

[2]At the request of the Court on October 7, 2003, Defendants attach hereto the
decisions of the Air Force as Exhibits A, B and C.  By providing these decisions,
however, Defendants do not waive their argument that the Court has no jurisdiction to
review the decisions.

U.S.C. § 2733(a) and (g). In turn, under such procedures, the Secretary *may* settle claims brought under the Act. Id.

In order to establish jurisdiction, then, Plaintiffs "must specify some statute or regulation that would limit the [Air Force's] discretion in this matter", and provide a standard of judicial review. Lunney, 319 F.3d at 558.

> "The danger that agencies may not carry out their delegated powers with sufficient vigor does not necessarily lead to the conclusion that courts are the most appropriate body to police this aspect of their performance. That decision is in the first instance for Congress, and [a court must] ... determine whether in this case Congress has provided [it] with 'law to apply.' ".

Lunney, 319 F.3d at 558 (quoting Heckler, 470 U.S. at 830). Plaintiffs may not rely upon the APA, 5 U.S.C. § 701, the APA's "arbitrary and capricious" standard, 5 U.S.C. § 706(2)(a), or the federal question statute, 28 U.S.C. § 1331, to supply the "meaningful standard against which to judge the [Air Force's] exercise of discretion." Lunney, 319 F.3d at 558-59, and n.5. Nor may Plaintiffs rely upon the statute conveying the agency discretion. Lunney, 319 F.3d at 559 (finding that the provisions of 10 U.S.C. §§ 6241 and 6245 giving the President discretion to award and present the Medal of Honor and power to prescribe regulations regarding the Medal of Honor and other military awards were insufficient to provide the necessary standard of review).

A closer examination of Lunney is instructive. Lunney was an action brought by the administrator of the estate of Peter Tomich, a Navy shipman who died aboard the U.S.S. Utah during the attack at Pearl Harbor in 1941. The Navy Medal of Honor was awarded posthumously in 1942 to Peter Tomich, but was presented in 1944 to a representative of the United States Navy because no next of kin had been found. Lunney sought an order against the United States, the Secretary of the Navy, and the Department of the Navy to compel presentation of the medal. The district court dismissed the case for lack of subject matter jurisdiction, and the Second Circuit affirmed. The Court found that the decision to award the Navy Medal of Honor and the procedures for awarding the medal were committed to the discretion of the President. Pursuant to 10 U.S.C. §§ 6241,

- 6 -

The President may award, and present in the name of Congress, a medal of honor of appropriate design, with ribbons and appurtenances, to a person who, while a member of the naval service, distinguishes himself conspicuously by gallantry and intrepidity at the risk of his life above and beyond the call of duty--

(1) while engaged in an action against an enemy of the United States;
(2) while engaged in military operations involving conflict with an opposing foreign force; or
(3) while serving with friendly foreign forces engaged in an armed conflict against an opposing armed force in which the United States is not a belligerent party. [3]

The Second Circuit concluded that relevant statutes clearly committed the challenged decision to the discretion of the President, and that the Plaintiffs had failed to specify a statute or regulation which would limit that discretion. Lunney, 319 at 558.

In like fashion, the MCA commits to the branches of the military the discretion to make settlements. 10 U.S.C. §§ 2733(a) and (g). Like the statute in Lunney, the MCA does not provide any limitations on the agency's exercise of discretion or any meaningful standards to judge that exercise of discretion. In fact, unlike the statute in Lunney, Congress "affirmatively precluded judicial oversight" under the MCA with Section 2735. Lunney, 319 F.3d at 558.

In this case Plaintiffs have made several arguments which express dissatisfaction with the Air Force's decision and the MCA in general, but have failed to provide the Court with any specific statute which limited the Air Force's discretion to act as it did. Lunney, 319 F.3d at 559, n.7. This failure deprives the Court of jurisdiction, and warrants the dismissal of this action. Lunney, 319 F.3d at 560.

D.    Plaintiffs Have Failed to Establish that Jurisdiction Exists Because of a Constitutional Claim

Plaintiffs argue that they can establish subject matter jurisdiction over this case because they have made a colorable constitutional claim. They submit that the Air Force acted improperly when they promulgated regulations and instructions which exceeded its statutory authority, thereby

---

[3]Similarly, 10 U.S.C. § 6245 provides that "[t]he President may award a distinguished flying cross of appropriate design with accompanying ribbon to any person who, while serving in any capacity with the Navy or the Marine Corps, distinguishes himself by heroism or extraordinary achievement while participating in an aerial flight."

violating the separation of powers doctrine.  See Plaintiffs' Memorandum at 4-5.  However, Plaintiffs have not shown a basis for jurisdiction in this regard.

Defendants agree that courts addressing the issue have held that judicial review *might* be permissible under the MCA in "rare instances when the Secretary's denial . . . is challenged on constitutional grounds."  See Defendants' Memorandum at 9 (quoting Byam v. Barhhart, No. 01-6195, 2003 WL 21634994, at *6 (2d Cir. July 11, 2003)); Hata, 23 F.3d at 233 ("We recognize, however, that review of constitutional claims may still be available upon a sufficiently pleaded allegation of a serious constitutional violation 'going to the heart of the administrative determination.'" (quoting Lindahl v. Office of Personnel Management, 470 U.S. 768, 791 (1985)); see also Rodrigue, 968 F.2d at 1434; Broadnax v. United States Army, 710 F.2d 865, 867 (D.C.Cir.1983); Labash, 668 F.2d at 1155.  However, no court has found such an exception.  As noted by the Court of Federal Claims after holding that Section 2735 bars judicial review:

> For completeness, it should be noted that some courts have found a theoretical exception to an absolute bar to review. For example, the Schneider court [Schneider v. United States, 27 F.3d 1327, 1332 (8th Cir. 1994)] stated that § 2735 did not bar judicial review of "constitutional claims." Schneider, 27 F.3d at 1332 . . . Importantly, although several courts have examined constitutional claims, none has found a valid claim resulting in actual application of an exception to the bar of § 2735. . . The Military Claims Act "may well permit some limited review, for example where there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination." Broadnax, 710 F.2d at 867 (quoting Scroggins v. United States, 397 F.2d 295, 297 (Ct.Cl.), 184 Ct.Cl. 530, 534, cert. denied, 393 U.S. 952, 89 S.Ct. 376, 21 L.Ed.2d 363 (1968) (internal quotations omitted)). However, to date statements in cases permitting such a conclusion appear to be dicta.

Niedbala, 37 Fed. Cl. at 51.

Even if this Court holds that it has jurisdiction to consider a constitutional claim under the MCA, Plaintiffs have failed to establish such a claim.  While Plaintiffs argue that the Air Force exceeded its authority in promulgating its regulations and instructions, this claim is without merit. The Air Force regulations promulgated under the MCA are found at 32 C.F.R. §§ 842.40, *et seq.* Congress specifically gave the Secretary of the Air Force the authority to promulgate regulations

governing MCA claims. See 10 U.S.C. § 2733(a). These regulations provide that the Air Force has delegated authority to settle and deny claims. See 32 C.F.R. § 842.42. Pursuant to Section 842.50, entitled "Claims not payable", a claim is not payable under the MCA if it is "for the personal injury or death of a government employee for whom benefits are provided by the FECA." Section 842.50(r).[4]

Plaintiffs argue that the FECA exclusivity clause found at 5 U.S.C. § 8116(c) does not include actions under the MCA because an MCA proceeding is not "an administrative or judicial proceeding under a Federal tort liability statute." See Plaintiffs' Memorandum at 6-9. However, this argument misses the mark.

Plaintiffs' arguments misconstrue the nature of the MCA and its regulations. The MCA is merely an authorizing statute permitting designated officials to consider and, at their discretion, pay or deny certain claims, but not requiring payment of any claim. See Schneider, 27 F.3d at 1333. The MCA is not a statutory mandate that the Air Force make payments, and the Air Force did not violate or exceeded the authority of the MCA by failing to make payment in this case. In fact, the other branches of the military have promulgated regulations under the MCA which contain the same FECA exclusion. See 32 C.F.R. §§ 536.24(k) (citing 536.50(j)(2))(Army); 32 C.F.R. § 750.44(d)(6)(Navy); 33 C.F.R. § 25.209(c)(Coast Guard).

While it is true that the FECA exclusivity provision, § 8116(c), does not make reference to the MCA, it is clear that that section was enacted to preclude double recovery of damages from the government. "FECA was intended primarily to supplant an alternative liability scheme for tortious injury. . . " Miller v. Bolger, 802 F.2d 660, 662 (3d Cir.1986). The legislative history of the FECA bears out this proposition.

---

[4] There is a second set of implementing regulations, namely, Air Force Instruction (AFI) 51-501. Consistent with 32 C.F.R. § 842.50(r), AFI 51-501, 3.7.9 provides that claims are not payable under the MCA for the personal injury or death of a Government employee for whom FECA benefits are provided. See AFI 51-501, Chapter 3, attached hereto as Exhibit D.

> With the creation of corporate instrumentalities of Government and with the enactment of various statutes authorizing suits against the United States for tort, new problems have arisen. Such statutes as the Suits in Admiralty Act, the Public Vessels Act, the Federal Tort Claims Act and the like, authorize in general terms the bringing of civil actions for damages against the United States. The inadequacy of the benefits under the Employees' Compensation Act has tended to cause Federal employees to seek relief under these general statutes. . .  This situation has been of considerable concern to all Government agencies and especially to the corporate instrumentalities. . . .  The saving to the Government by the elimination of costly and needless claims and litigation under the Federal Tort Claims Act, Suits in Admiralty Act, Public Vessels Act, and the like, which presently weigh heavily upon the Government and involve considerable expense to defend will be eliminated, offsetting in substantial part the increased cost in compensation benefits.

Miller, 802 F.2d at 662 (quoting S.Rep. No. 836, 81st Cong., 1st Sess., reprinted in 1949 U.S.Code Cong. & Ad.News 2125, 2136, 2143) (emphasis added).  Miller held that the FECA was not exclusive of actions under Title VII, which does not refer to "damages" but to "equitable relief," under 42 U.S.C. § 2000e-5(g).  Rather, the FECA was the exclusive source of damages due federal employees because of injury or death. Miller, 802 F.2d at 662. The process under the MCA is unquestionably an administrative one, through which the military may, in its discretion, pay damages for tortious conduct.  Defendants submit that the MCA and its attendant regulations are an "alternative liability scheme for tortious injury" which the FECA was designed to supplant. Miller, 802 F.2d at 662.

In sum, Plaintiffs have failed to show that this Court has jurisdiction to review the Air Force's decisions in this case, or to raise any colorable constitutional claim in connection with that agency's exercise of discretion under the subject regulations.

II.    Conclusion

For the foregoing reasons, and the reasons set forth in their moving papers, the Defendants, United States of America, Department of the Air Force and Colonel Charles H. Wilcox, request that their motion be granted and the complaint be dismissed in its entirety.

- 10 -

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

LAUREN M. NASH
ASSISTANT U.S. ATTORNEY
FED. BAR # ct01705
P.O. BOX 1824
NEW HAVEN, CT  06508
(203) 821-3700

## CERTIFICATION

This is to certify that a copy of the within and foregoing Reply Brief in Further in Support of

Motion to Dismiss was mailed, postage prepaid, this 7th day of November, 2003, to:

Richard A. Bieder, Esq.
Koskoff, Koskoff & Bieder
350 Fairfield Avenue
Bridgeport, CT 06604

Justin T. Green, Esq.
Kreindler & Kreindler
100 Park Avenue
New York, NY 10017

Lauree M. Nash

LAUREN M. NASH
ASSISTANT U.S. ATTORNEY
FED. BAR # ct01705
P.O. BOX 1824
NEW HAVEN, CT 06508
(203) 821-3700

- 12 -