BY ORDER OF THE
SECRETARY OF THE AIR FORCE

AIR FORCE INSTRUCTION 51-501

9 AUGUST 2002

Law

TORT CLAIMS



**COMPLIANCE WITH THIS PUBLICATION IS MANDATORY**

NOTICE: This publication is available digitally on the AFDPO WWW site at: **http://www.e-publishing.af.mil.**

OPR: AFLSA/JACT (Col David W. Chappell)   Certified by: AFLSA/JAC (Col David L. Thomas)
Supersedes AFI 51-501, 1 May 1996.                                                          Pages: 48
                                                                                  Distribution: F

This instruction implements AFPD 51-5, section A, *Administrative Claims For or Against the Air Force*. It tells how to investigate, adjudicate, and settle tort claims against the Air Force. This instruction requires the collection and maintenance of personal information protected by the Privacy Act of 1974. The authority to collect and maintain this information is in 10 U.S.C. 8013 and Executive Order 9397. System of records notices F051 AF JA G, *Air Force Claims Information Management System (AFCIMS)*, and F051 AF JA H, *Claims Records*, apply. Records Disposition. Ensure that all records created by this AFI are maintained and disposed of IAW AFMAN 37-139, "Records Disposition Schedule."

*SUMMARY OF REVISIONS*

**This document is substantially revised and must be completely reviewed.**

**Chapter 1** clarifies the breadth of the AFI; clarifies JACT responsibilities and adds oversight of Medical Law Consultant offices; deletes requirement for JACE to maintain historical records on all environmental tort claims and litigation; adds responsibilities for MAJCOMs to advise JACT of actions by foreign countries affecting claims policies; delegates claims responsibilities and settlement authority to AFSOC; clarifies when amendments to claims are proper; clarifies duties of claims personnel in acknowledging receipt of claims; denotes when costs of preparing and presenting a claim are payable; addresses settlement authority when multiple claims arise from a single incident; prohibits splitting claims and paying subrogees prior to subrogors; adds requirements for data in witness locator charts; prohibits writing on photographs unless a negative is in the claim file; adds requirement to inform claimants being offered a settlement under what statute the claim was processed; prohibits self-executing denial letters; requires denial letters to be mailed the same date as appears on the letter; clarifies language which must be contained in denial letters under the Federal Tort Claims Act (FTCA), Military Claims Act (MCA), National Guard Claims Act (NGCA) and 10 U.S.C. 2738; specifies actions to be taken upon a request for reconsideration or an appeal; lists Air Force appellate authorities; updates directions on handling requests for tort claim files; clarifies prohibited actions by claims personnel; expands direction on avoidance of conflicting interests; clarifies responsibilities of claims personnel in medical malpractice claims; updates forms for

EXHIBIT D

claims payments by the Treasury; allows advance payments to commercial enterprises if severe financial loss would occur; specifies punitive damages are not payable; and requires faxing a copy of a complaint to AFLSA when an SJA learns of litigation. **Chapter 2** adds information on the scope of FTCA claims; clarifies settlement authorities; explains the statute of limitations; expands requirements for settlement agreements; and updates the address for payments over $2500. **Chapter 3** denotes implementation of single service claims responsibility; explains the scope of the MCA; discusses the statute of limitations and lays out rules to interpret it; clarifies proper claimants; clarifies exceptions to payment under the MCA and adds new ones; eliminates the pure comparative negligence rule; and lists specific rules applicable to damage calculations. **Chapter 4** implements DoDD 5513.3; specifies claims are settled according to the regulations of the service having single service responsibility; explains the International Agreement Claims Act (IACA); requires IACA claims in the United States be sent to JACT before being sent to the Army; explains the purpose of the Foreign Claims Act (FCA); appoints AFSOC as a foreign claims commission; expands 12AF jurisdiction to include Central America and the Caribbean; discusses the statute of limitations and lays out rules to interpret it; excludes governments or political factions engaging in armed conflict with the United States as proper claimants; limits claims payments when actions are by local hire civilian employees; adds requirement of negligent or wrongful acts before payment is proper; clarifies exceptions to payment under the FCA and adds new ones; clarifies applicable law; specifies how payments are calculated and made; and adds a section on solatia. **Chapter 5** adds sections for claims under the Use of Government Property Claims Act, Claims by Members for Certain Losses of Household Effects Caused by Hostile Act, and claims of the US Postal Service; updates addresses for nonappropriated fund claims; explains settlement of golf ball claims; clarifies improper nonappropriated fund claims; discusses the statute of limitations under the NGCA and lays out rules to interpret it; clarifies proper claimants under the NGCA; clarifies exceptions to payment under the NGCA and adds new ones; lists specific rules applicable to damage calculations under the NGCA; expands the explanation of Civil Air Patrol claims; expands the scope of admiralty claims; and discusses the statutes of limitation for admiralty claims.

**Chapter 1—TORT CLAIMS PROCESSING**                                                                                        7

    1.1.    Scope of this Chapter ................................................................................................ 7

    1.2.    Responsibilities of Tort Claim Authorities. ............................................................ 7

    1.3.    Presenting Tort Claims: .......................................................................................... 9

    1.4.    Substantiating Tort Claims ..................................................................................... 9

    1.5.    Who are Proper Claimants: .................................................................................... 9

    1.6.    Signatures on Tort Claims: ..................................................................................... 9

    1.7.    Tort Claims Settlement Authorities. ...................................................................... 10

    1.8.    Investigating and Processing Tort Claims. ............................................................ 11

    1.9.    Action by Settlement Authorities. .......................................................................... 12

    1.10.   Acting on Reconsiderations. .................................................................................. 13

    1.11.   Acting on Appeals. ................................................................................................. 14

    1.12.   Handling Requests for Tort Claim Files. ............................................................... 15

| | | |
|---|---|---|
| 1.13. | Prohibited Actions. | 15 |
| 1.14. | Avoiding Conflicting Interests. | 15 |
| 1.15. | Handling Medical Malpractice Claims. | 15 |
| 1.16. | Making Payments. | 16 |
| 1.17. | Making Advance Payments | 16 |
| 1.18. | Determining Attorney Fees. | 17 |
| 1.19. | Punitive Damages Not Payable. | 17 |
| 1.20. | Supporting Litigation. | 17 |

**Chapter 2—FEDERAL TORT CLAIMS ACT CLAIMS**  18
| | | |
|---|---|---|
| 2.1. | Scope of this Chapter | 18 |
| 2.2. | FTCA Settlement Authority | 18 |
| 2.3. | Statute of Limitations. | 18 |
| 2.4. | Reconsidering Denied FTCA Claims. | 18 |
| 2.5. | Paying FTCA Claims. | 18 |

**Chapter 3—MILITARY CLAIMS ACT CLAIMS**  20
| | | |
|---|---|---|
| 3.1. | Scope of this Chapter. | 20 |
| 3.2. | MCA Settlement Authority: | 20 |
| 3.3. | Statute of Limitations. | 20 |
| 3.4. | Who are Proper Claimants: | 21 |
| 3.5. | Who are Not Proper Claimants: | 21 |
| 3.6. | Payable MCA Claims: | 21 |
| 3.7. | MCA Exclusions. | 21 |
| 3.8. | Interpretation of the MCA: | 24 |
| 3.9. | Applicable Law for Determining Liability under the MCA: | 24 |
| 3.10. | Applicable Law for Damages: | 25 |
| 3.11. | Paying MCA Claims. | 25 |

**Chapter 4—INTERNATIONAL AGREEMENT AND FOREIGN CLAIMS**  26

Section 4A   Single Service Claims Responsibility (SSCR)   26
| | | |
|---|---|---|
| 4.1. | Scope of this Chapter. | 26 |
| 4.2. | Assignment of Single Service Claims Responsibility. | 26 |

Section 4B   The International Agreement Claims Act   26

| | | |
|---|---|---:|
| 4.3. | General Discussion. | 26 |
| 4.4. | Reimbursement Authority. | 26 |
| 4.5. | Claims Arising in a Foreign Country. | 26 |
| 4.6. | Claims Arising in the United States. | 26 |
| 4.7. | Claims Processing. | 27 |
| Section 4C | The Foreign Claims Act | 27 |
| 4.8. | General Discussion. | 27 |
| 4.9. | Settlement Authority. | 27 |
| 4.10. | Appointing FCCs. | 28 |
| 4.11. | Statute of Limitations. | 28 |
| 4.12. | Who are Proper Claimants. | 28 |
| 4.13. | Who are Not Proper Claimants: | 28 |
| 4.14. | Application of the FCA. | 29 |
| 4.15. | Scope of Employment. | 29 |
| 4.16. | Claims Not Payable. | 29 |
| 4.17. | Applicable Law. | 30 |
| 4.18. | Rights of Subrogation, Indemnity, and Contribution. | 31 |
| 4.19. | Payments Under the FCA. | 31 |
| Section 4D | Solatia | 31 |
| 4.20. | General Discussion. | 31 |
| 4.21. | Settlement Authority. | 31 |
| 4.22. | When To Pay. | 31 |
| **Chapter 5—NONAPPROPRIATED FUND, AIR NATIONAL GUARD, CIVIL AIR PATROL, ADMIRALTY, AND MISCELLANEOUS CLAIMS** | | **32** |
| Section 5A | General | 32 |
| 5.1. | Scope of this Chapter. | 32 |
| Section 5B | Nonappropriated Fund Claims | *32* |
| 5.2. | Scope of this Section. | 32 |
| 5.3. | Settling NAFI Claims. | 32 |
| 5.4. | Settlement Authority. | 32 |
| 5.5. | Notice of Claim. | 32 |

| | | |
|---|---|---|
| 5.6. | Payment of Claims. | 33 |
| 5.7. | Claims Not Payable with Nonappropriated Funds: | 33 |
| 5.8. | Customer Complaints. | 34 |
| 5.9. | NAFI Insurance Claims. | 34 |
| Section 5C | Air National Guard Claims | 34 |
| 5.10. | Scope of this Section. | 34 |
| 5.11. | Settlement Authority: | 34 |
| 5.12. | Statute of Limitations. | 35 |
| 5.13. | Required Status of National Guard Personnel for Payable NGCA Claims: | 35 |
| 5.14. | Who are Proper Claimants. | 35 |
| 5.15. | Who are Not Proper Claimants. | 35 |
| 5.16. | NGCA Exclusions. | 35 |
| 5.17. | Interpretation of the NGCA | 35 |
| 5.18. | Applicable Law for Determining Liability under the NGCA. | 35 |
| 5.19. | Applicable Law for Damages. | 35 |
| 5.20. | Paying NGCA Claims. | 35 |
| Section 5D | Civil Air Patrol Claims | 36 |
| 5.21. | Scope of this Section. | 36 |
| 5.22. | Settling Claims. | 36 |
| 5.23. | Notice of Claim. | 36 |
| 5.24. | Proper Claims. | 36 |
| 5.25. | Improper Claims: | 36 |
| Section 5E | Admiralty Claims | 36 |
| 5.26. | Scope of this Section. | 36 |
| 5.27. | Settlement Authority: | 36 |
| 5.28. | Statute of Limitations. | 37 |
| 5.29. | Payable Claims: | 37 |
| 5.30. | Claims Not Payable: | 38 |
| 5.31. | Claims Assertable by the United States: | 38 |
| Section 5F | Use of Government Property Claims Act | 38 |
| 5.32. | Scope of this Section. | 38 |

| | | |
|---|---|---|
| 5.33. | Settlement Authority. | 38 |
| 5.34. | Statute of Limitations. | 38 |
| 5.35. | Payable Claims. | 38 |
| 5.36. | Claims Not Payable. | 38 |
| Section 5G | Claims by Members for Certain Losses of Household Effects Caused by Hostile Act | 39 |
| 5.37. | Scope of this Section. | 39 |
| 5.38. | Settlement Authority. | 39 |
| 5.39. | Statute of Limitations. | 39 |
| 5.40. | Who are Proper Claimants: | 39 |
| 5.41. | Payable Claims. | 39 |
| 5.42. | Substantiation. | 40 |
| 5.43. | Payment. | 40 |
| Section 5H | Claims of the United States Postal Service (USPS) | 40 |
| 5.44. | Scope of this Section. | 40 |
| Section 5I | Forms Adopted | 40 |
| 5.45. | Forms Adopted in this Publication. | 40 |
| **Attachment 1—GLOSSARY OF REFERENCES AND SUPPORTING INFORMATION** | | **41** |
| **Attachment 2—PREPARING, ARRANGING, AND ASSEMBLING TORT CLAIM FILES** | | **48** |

## Chapter 3

## MILITARY CLAIMS ACT CLAIMS

**3.1. Scope of this Chapter.** This chapter implements DoD Directive 5515.3, *Settlement of Claims Under 10 U.S.C. 2733 and 2734*, 18 August 1965; DoD Directive 5515.8, *Single Service Assignment of Responsibility for Processing of Claims*, 9 June 1990; and the MCA, 10 U.S.C. 2733.

   3.1.1. For single service claims responsibility, see **Chapter 4, Section 4A**.

   3.1.2. The MCA allows the military services to settle claims for death, personal injury, or property damage arising from the negligent or wrongful acts by members or employees of the armed forces acting within the scope of employment, and for losses sustained as a result of the noncombat activities of the military services. The MCA applies worldwide. However, for claims arising in the United States, the MCA only applies to noncombat activities and incident to service property damage claims of military members. The statute prohibits payment if the claim is payable under the FTCA or the FCA. Payment under the Act is made "[u]nder such regulations as the Secretary concerned may prescribe..." This instruction prescribes how the MCA is implemented. The Act allows only an administrative determination of claims. There is no judicial remedy.

**3.2. MCA Settlement Authority:**

   3.2.1. The SAF may:

      3.2.1.1. Deny claims in any amount.

      3.2.1.2. Approve claims in any amount.

   3.2.2. TJAG may:

      3.2.2.1. Deny claims in any amount.

      3.2.2.2. Approve claims in an amount not to exceed $100,000, notwithstanding the amount claimed.

   3.2.3. The DJAG; Director, AFLSA/JAC; Chief and Branch Chiefs, AFLSA/JACT; Chief and Environmental Litigation and Torts Branch Chief, AFLSA/JACE (for environmental torts) may:

      3.2.3.1. Deny claims in any amount.

      3.2.3.2. Approve claims in an amount not to exceed $25,000, notwithstanding the amount claimed.

   3.2.4. The SJAs of 3AF, 5AF and 9AF (for USCENTCOM) and the SJAs of each Air Force installation may:

      3.2.4.1. Deny claims filed for $25,000 or less.

      3.2.4.2. Pay claims filed in any amount when payment is for $25,000 or less. **EXCEPTION**: See restrictions on settlement authority at paragraph **1.7.5**.

**3.3. Statute of Limitations.** A claim must be presented in writing to the appropriate federal agency within 2 years of accrual, unless the United States is at war or in an armed conflict when the claim

accrues, or the United States enters a war or armed conflict after the claim accrues, and good cause is shown. Congress or the President establishes the beginning and ending of an armed conflict.

3.3.1. A claim normally accrues at the time of injury when essential operative facts are apparent. Apply the same rules governing accrual pursuant to the FTCA with respect to the MCA.

3.3.2. In computing the statutory time period, the date of the incident is excluded and the date the claim is presented is included.

### 3.4. Who are Proper Claimants:

3.4.1. Citizens and inhabitants of the United States. However, a person who is an inhabitant of a foreign country, even if a citizen of the United States, is not a proper claimant under the MCA.

3.4.2. US military personnel and federal civilian employees. **EXCEPTION:** US military personnel and federal civilian employees may not be paid under the MCA for personal injury or death incident to service.

3.4.3. Foreign military personnel when the damage or injury occurs in the United States. **EXCEPTION:** Foreign military personnel may not be paid under the MCA for personal injury or death incident to service.

3.4.4. States, state agencies, counties, municipalities, and their political subdivisions.

3.4.5. Subrogees (insurers) of proper claimants to the extent they have paid the claim.

### 3.5. Who are Not Proper Claimants:

3.5.1. Governments of foreign nations, their agencies, and political subdivisions.

3.5.2. Agencies and NAFIs of the federal government.

3.5.3. Inhabitants of foreign countries for damages or injuries incurred in a foreign country.

### 3.6. Payable MCA Claims:

3.6.1. Negligent or Wrongful Act or Omission Claims. Settlement authorities pay claims resulting from negligent or wrongful acts or omissions of military or civilian personnel of the US Armed Forces while acting within the scope of their employment, unless an exclusion listed in paragraph 3.7. applies.

3.6.2. Noncombat Activity Claims. Claims caused by the noncombat activities of the US Armed Forces, whether or not such injuries or damages arose out of negligent or wrongful acts or omissions, unless an exclusion listed in paragraph 3.7. applies.

**3.7. MCA Exclusions.** Settlement authorities cannot pay claims described in paragraph 3.6. under the MCA if the claim:

3.7.1. Is cognizable under the FTCA, FCA, IACA, AFACA, NGCA, or covered under the Military Personnel and Civilian Employees' Claims Act (MPCECA), 31 U.S.C. 3701, 3721.

3.7.1.1. **EXCEPTION:** Claims arising in the United States from noncombat activities may be paid under the MCA, even if the claim is also cognizable under the FTCA.

3.7.1.2. **EXCEPTION:** Incident-to-service damage to vehicles caused by the negligence of a member or employee of the armed forces acting in the scope of employment are paid under the MCA, instead of the MPCECA, unless the damage occurs because of contact with quarters (including the landscaping at quarters).

3.7.2. Arises with respect to the assessment or collection of any customs duty, or the detention of any goods or merchandise by any US officer of customs or excise, or any other US law enforcement officer.

3.7.3. Is cognizable under United States admiralty and maritime law, to include:

    3.7.3.1. The Suits in Admiralty Act, 46 U.S.C., Appendix 741 and following.

    3.7.3.2. The Death on the High Seas Act, 46 U.S.C. Appendix 761 and following.

    3.7.3.3. The Public Vessels Act, 46 U.S.C., Appendix 781 and following.

3.7.4. Arises out of assault, battery, false imprisonment, false arrest, malicious prosecution, or abuse of process. **EXCEPTION:** Unless such actions were committed by an investigative or law enforcement officer of the United States who is empowered by law to conduct searches, seize evidence, or make arrests for violations of federal law.

3.7.5. Arises out of libel, slander, misrepresentation, or deceit.

3.7.6. Arises out of an interference with contract rights.

3.7.7. Arises out of the combat activities of US military forces.

3.7.8. Is for the personal injury or death of a member of the Armed Forces of the United States incident to service.

3.7.9. Is for the personal injury or death of any person for whom benefits are available under the Federal Employees' Compensation Act, 5 U.S.C. 8101, and following.

3.7.10. Is for the personal injury or death of any employee of the United States, including nonappropriated fund employees, for whom benefits are available under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. 901, and following.

3.7.11. Is for a taking of property, e.g. by technical trespass or overflight of aircraft.

3.7.12. Is for patent or copyright infringement.

3.7.13. Results wholly from the negligent or wrongful act of the claimant.

3.7.14. Is for the reimbursement of medical, hospital, or burial expenses furnished at the expense of the United States, either directly or through contractual payments.

3.7.15. Arises from contractual transactions, express or implied (including rental agreements, sales agreements, leases, and easements), that:

    3.7.15.1. Are payable or enforceable under oral or written contracts.

    3.7.15.2. Arise out of an irregular procurement or implied contract.

3.7.16. Is for the personal injury or death of military or civilian personnel of a foreign government incident to service.

3.7.17. Is based on an act or omission of an employee of the government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation is valid. Do not deny claims solely on this exception without the prior approval of AFLSA/JACT. **EXCEPTION:** Claims under the noncombat activities provision may be paid even if this subparagraph applies.

3.7.18. Is based on the exercise or performance of or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the government, whether or not the discretion involved is abused. Do not deny claims solely on this exception without the prior approval of AFLSA/JACT. **EXCEPTION:** Claims under the noncombat activities provision may be paid even if this subparagraph applies.

3.7.19. Is not in the best interests of the United States, is contrary to public policy, or is otherwise contrary to the basic intent of the MCA. Do not deny claims solely on this exception without prior approval of AFLSA/JACT.

3.7.20. Arises out of an act or omission of any employee of the government in administering the provisions of the Trading With the Enemy Act, 50 U.S.C. App. 1-44.

3.7.21. Is for damages caused by the imposition or establishment of a quarantine by the United States.

3.7.22. Arises from the fiscal operations of the Department of the Treasury or from the regulation of the monetary system.

3.7.23. Arises from the activities of the Tennessee Valley Authority.

3.7.24. Arises from the activities of the Panama Canal Company.

3.7.25. Arises from the activities of a federal land bank, a federal intermediate credit bank, or a bank for cooperatives.

3.7.26. Is for the personal injury or death of any government contractor employee for whom benefits are available under any worker's compensation law, or under any contract or agreement providing employee benefits through insurance, local law, or custom when the United States pays insurance either directly or as part of the consideration under the contract. Only AFLSA/JACT may act on these claims.

3.7.27. Is for damage, injury or death from or by flood or flood waters at any place.

3.7.28. Is for damage, injury or death occurring directly or indirectly as a result of the exercise or performance of, or failure to exercise or perform, any function or duty by any federal agency or employee of the government in carrying out the provisions of the Federal Civil Defense Act of 1950 during the existence of a civil defense emergency.

3.7.29. Is for damage to property or other losses of a state, commonwealth, territory, or the District of Columbia caused by ANG personnel engaged in training or duty under 32 U.S.C. 316, 502, 503, 504, or 505 who are assigned to a unit maintained by that state, commonwealth, territory, or the District of Columbia.

3.7.30. Is for damage to property or for any death or personal injury arising out of the activities of any federal agency or employee of the government in carrying out the provisions of the Federal Disaster Relief Act of 1954.

3.7.31. Arises from activities that present a political question.

3.7.32. Arises from private, as distinguished from government, transactions.

3.7.33. Is based solely on compassionate grounds.

3.7.34. Is for rent, damage, or other expenses or payments involving the regular acquisition, use, possession, or disposition of real property or interests therein by and for the United States.

3.7.35. Is presented by a national, or a corporation controlled by a national, of a country at war or engaged in armed conflict with the United States, or any country allied with such enemy country unless the appropriate settlement authority determines that the claimant is, and at the time of the incident was, friendly to the United States. A prisoner of war or an interned enemy alien is not excluded as to a claim for damage, loss, or destruction of personal property in the custody of the Government otherwise payable. Claims considered not payable under this subparagraph are forwarded with recommendations for disposition, through claims channels, to AFLSA/JACT.

3.7.36. Arises out of the loss, miscarriage, or negligent transmission of letters or postal matter by the U.S. Postal Service or its agents or employees.

3.7.37. Is for damage to or loss of bailed property when the bailor specifically assumes such risk.

3.7.38. Is for property damage, personal injury, or death occurring in a foreign country to an inhabitant of a foreign country.

3.7.39. Is for interest incurred prior to the payment of a claim.

3.7.40. Arises out of matters which are in litigation against the United States.

3.7.41. Is for attorney fees or costs in connection with pursuing an administrative or judicial remedy against the United States or any of its agencies.

3.7.42. Is for bail, interest or inconvenience expenses incurred in connection with the preparation and presentation of the claim.

3.7.43. Is for a failure to use a duty of care to keep premises owned or under the control of the United States safe for use for any recreational purpose, or for a failure by the United States to give any warning of hazardous conditions on such premises to persons entering for a recreational purpose unless there is a willful or malicious failure to guard or warn against a dangerous condition, or unless consideration was paid to the United States (including a nonappropriated fund instrumentality) to use the premises.

**3.8. Interpretation of the MCA:** The meaning and construction of the MCA is a federal question to be determined by federal law. Many of the exceptions to payment under the MCA are based upon the wording of 28 U.S.C. 2680, or on other statutes or court cases. Federal case law interpreting the same exclusion under the FTCA is applied to the MCA. Where state law differs with federal law, federal law prevails.

**3.9. Applicable Law for Determining Liability under the MCA:**

3.9.1. For tort claims arising from negligent or wrongful acts or omissions, settlement authorities apply these rules:

3.9.1.1. When a claim arises in the United States or its territories or possessions, settlement authorities follow the law of the place where the alleged negligent or wrongful act or omission occurred.

    3.9.1.2. In claims arising in foreign countries, settlement authorities use the general principles of American tort law as evidenced by case law and standard legal publications to evaluate the liability of the United States. The following specific rules apply:

        3.9.1.2.1. Contributory or comparative negligence is interpreted and applied according to the place of the occurrence. In the unusual situation where foreign law governing contributory or comparative negligence does not exist, contributory negligence bars the claim.

        3.9.1.2.2. Foreign rules and regulations governing the operation of motor vehicles (rules of the road) are applied to the extent those rules are not specifically superseded or preempted by United States military traffic regulations.

    3.9.1.3. The principle of absolute or strict liability does not apply.

3.9.2. For tort claims arising from noncombat activities, the claimant does not need to show negligence or fault, but must establish causation and damages.

**3.10. Applicable Law for Damages:**

3.10.1. To measure damages in claims arising in the United States or its possessions, the settlement authority follows the law of the place where the alleged negligent or wrongful act or omission occurred.

3.10.2. In claims arising in foreign countries, settlement authorities use the general principles of American tort law as evidenced by case law and standard legal publications to evaluate damages, and the following specific rules apply:

    3.10.2.1. Hedonic damages are not payable.

    3.10.2.2. The collateral source doctrine does not apply.

    3.10.2.3. Joint and several liability does not apply. Payment is made based only upon the portion of loss, damage, injury or death, which is attributable to the Armed Forces of the United States.

    3.10.2.4. Future economic losses must be discounted to present value after deducting for federal income taxes and, in cases of wrongful death, personal consumption.

**3.11. Paying MCA Claims.** Settlement authorities:

3.11.1. Pay settlements of $100,000 or less, per claimant, from Air Force claims monies.

3.11.2. Pay settlements exceeding $100,000 by paying the first $100,000, per claimant, with Air Force claims monies and sending the remainder to the Department of the Treasury for payment under 31 U.S.C. 1304. See paragraph **1.16.**