would
under
ms in-
ι 4 re-
)epart-
arising
claims
nal in-

nse in
e.
he ad-
of this

orce.


1967.


views
tle 10
 serv-
poses;
Guard
Guard

States
n for-
make
cases
claims
would
ase to
allow-
ervice
le ap-

in at-
either
claims
ιority
gainst

pay-
Since
on on
ill be
tment

ports

## MILITARY CLAIMS—LOCAL LAW

The Bureau of the Budget advises that from the standpoint of the administration's program there is no objection to the submission of this report for the consideration of the committee.

Sincerely yours,

JOHN L. SWEENEY,
*Assistant Secretary for Public Affairs.*

## MILITARY CLAIMS—APPLICATION OF LOCAL LAW

P.L. 90–522, see page 1017

House Report (Judiciary Committee) No. 377,
June 21, 1967 [To accompany H.R. 10482]

Senate Report (Judiciary Committee) No. 1524,
Sept. 11, 1968 [To accompany H.R. 10482]

Cong. Record Vol. 113 (1967)

Cong. Record Vol. 114 (1968)

### DATES OF CONSIDERATION AND PASSAGE

House July 11, 1967

Senate Sept. 12, 1968

The Senate Report is set out.

### SENATE REPORT NO. 1524

THE Committee on the Judiciary, to which was referred the bill (H.R. 10482) to amend section 2733 of title 10, United States Code, to authorize the application of local law in determining the effect of claimant's contributory negligence, and to clarify the procedure for appeal from certain claims determinations, having considered the same, reports favorably thereon without amendment and recommends that the bill do pass.

#### PURPOSE

The purpose of the bill is to permit the settlement of meritorious claims against the United States under section 2733 of title 10, United States Code, by the application of local law to determine whether the negligence of the claimant, his agent, or employee, bars recovery in whole or in part. The bill would also clarify procedure for appeal from the claims determinations made by delegees of the Secretary of the military department concerned under section 2733(g).

#### STATEMENT

The bill was introduced in the House of Representatives in accordance with the recommendations of an executive communication submitted to the Congress by the Department of the Air Force in behalf of the Department of Defense which recommended the bill's enactment. As introduced, the bill would also have provided for a 10 percent limitation of attorneys' fees

3627

## LEGISLATIVE HISTORY

in connection with any award made under the authority of section 2733. The Committee on the Judiciary of the House of Representatives amended the bill to strike out this provision and the committee commented that it will shortly begin consideration of the problem of the regulation of attorneys' fees and accordingly decided to defer consideration of this aspect of the bill as introduced.

In its favorable report on the bill the Committee on the Judiciary of the House of Representatives said:

> Section 2733 of title 10 of the United States Code known as the Military Claims Act provides authority for the settlement and payments in amounts not to exceed $5,000 of claims for property damage, personal injury, or death resulting from the noncombat activities of a military department. As to claims which exceed $5,000, and are found by the Secretary of a military department to be meritorious in amounts in excess of that figure, the section authorizes the Secretary to pay the $5,000 and report the balance to Congress for its consideration. Subsection (g) of section 2733 provides that the authority to settle small claims may be delegated to any officer of the Armed Forces under the jurisdiction of the military department concerned when the amount to be paid is not more than $1,000.
>
> Clause (1) of the bill would amend section 2733 so as to authorize the application of the law of the place where the accident or incident giving rise to the claim occurred in order to determine whether an award under the section is barred or limited by reason of the negligent or wrongful act of the claimant, his agent, or his employee. This change is recommended because the present provisions do not always conform with local law. The section is also different in this respect than some of the other major claims statutes of the United States (for example, 10 U.S.C. 2734 (Foreign Claims Act); 10 U.S.C. 4802, 7622, and 9802 (admiralty claims); and 28 U.S.C. 2672, 2674 (Federal tort claims)). In some of the 50 States and in most foreign countries where U. S. Armed Forces are stationed, the doctrine of comparative negligence is applied. Consequently, if a claim is settled or litigated in the United States under the Federal Tort Claims Act (28 U.S.C. 1346(b), 2671–2680), a claimant may be paid in whole or in part for the damage or injury in accordance with the law of the place. Similar equitable payments are made in foreign countries when a claim is settled under the Foreign Claims Act, or is settled or adjudicated by a foreign country under an international agreement, such as the NATO Status of Forces Agreement. In these cases, payments are usually made in proportion to the share of the negligence of the parties concerned. Under section 2733(b) (4) of title 10, however, a claim is barred if the damage, injury, or death is caused wholly or partly by the claimant, his agent, or his employee. The end result in some instances is that an arbitrary legal doctrine is applied to claimants whose claims are cognizable

## MILITARY CLAIMS—LOCAL LAW

ion 2733.
amended
:d that it
of attor-
\is aspect

ry of the

; the
pay-
perty
mbat
:ceed
ment
:tion
ance
2733
;ated
[ the
; not

hor-
it or
mine
ason
r his
rovi-
also
aims
For-
ralty
  In
J. S.
egli-
:d in
.S.C.
part
lace.
vhen
d or
rent,
ases,
neg-
) of
.eath
em-
.egal
:able

only under section 2733 when local law and other Federal statutes would have permitted some payment.

The Military Claims Act is the sole remedy available in foreign countries to settle the claims of U. S. nationals who are neither inhabitants of a foreign country nor proper third-party claimants under international agreements. This statute may result in discrimination because the claims of foreign nationals may be paid, and those of U. S. nationals denied, under exactly the same set of circumstances, with the claims sometimes arising out of the same accident or incident. The proposed amendment would correct this inequity.

Clause (2) of the bill would clarify the appeals provision of the Military Claims Act with respect to settlements made by delegatees who are authorized to settle and pay claims not in excess of $1,000 under 10 U.S.C. 2733(g) by specifically authorizing an appeal to the Secretary of the military department concerned, or his designee, for that purpose. This amendment would also result in substantial savings of administrative costs.

The small-claims appeals procedure presently provided is the same as that for large claims and is unnecessarily costly in proportion to the amounts involved and the average number of errors corrected. Military department records reveal that the majority of claims settled under section 2733 fall within the provisions of subsection (g). The records of the military departments indicate that claimants may appeal from the disapproval of their claims in whole or in part merely because the statutory right exists and normally no new evidence is furnished in support of the appeal. Moreover, it might be pertinent to observe that, in addition to the right of a claimant to appeal from a delegee's settlement, every approving authority has the inherent right to reconsider his own settlement action at any time in order to correct an injustice, and his successors have similar authority under certain circumstances in accordance with Comptroller General and court decisions. Otherwise, such settlements are final and conclusive (10 U.S.C. 2735). Authority to designate an intermediate appellate authority to consider the appeals of these small claims, most of which are alleged to have been caused by sonic booms, would continue to protect these claimants from any arbitrary action by approving authority and insure fair and equitable treatment.

This proposed amendment to subsection (g) would not affect procedures and appeals relating to claims settled in amounts in excess of $1,000 under section 2733(a). These would continue to be made by the Judge Advocate General concerned, subject to appeal to the Secretary, as provided therein.

Clause (3) of the bill as originally introduced would have provided for a 10 percent limitation of attorneys' fees in connection with any award made under the authority of section 2733. The committee will shortly begin consideration of the problem of the

## LEGISLATIVE HISTORY

> regulation of attorneys' fees in administrative proceedings and its inquiry will include the question of whether a uniform system of supervision of attorneys' fees should be substituted for individual statutory percentage limitations such as was proposed in this instance. Accordingly, the committee has decided to defer consideration of this aspect of the bill. However, the other provisions of the bill are clearly meritorious and practical in their contemplated application. There is no reason to delay action on these aspects of the bill since they have no connection with the question of attorneys fees.
>
> It is recommended that the bill, as amended, be considered favorably.

The committee believes that the bill as recommended on behalf of the Department of Defense and as amended by the House of Representatives is meritorious and recommends it favorably.

Attached and made a part of this report is a letter from the Department of the Air Force, dated May 3, 1967.

> DEPARTMENT OF THE AIR FORCE,
> *Washington, May 3, 1967.*
>
> DEAR MR. SPEAKER: There is forwarded herewith a draft of legislation to amend section 2733 of title 10, United States Code, to authorize the application of local law in determining the effect of claimant's contributory negligence, to clarify the procedure for appeal from certain claims determinations, and to limit the amount of attorney fees thereunder.
>
> This proposal is a part of the Department of Defense legislative program for the 90th Congress and the Bureau of the Budget has advised that there is no objection to the presentation of this proposal for the consideration of the Congress. The Department of the Air Force has been designated as the representative of the Department of Defense for this legislation. It is recommended that this proposal be enacted by the Congress.

### PURPOSE OF THE LEGISLATION

> The purpose of the proposed legislation is to permit the settlement of meritorious claims against the United States by the application of local law to determine whether the negligence of the claimant, his agent, or employee, bars recovery in whole or in part. The proposed bill would also clarify procedure for appeal from the claims determinations made by delegatees of the Secretary of the military department concerned under section 2733(g). In addition, it would place a limit on attorney fees in cases of administrative settlement of military claims similar to that provided in 28 U.S.C. 2678 (the so-called Federal Tort Claims Act).
>
> Clause (1) of the bill would authorize the application of the law of the place where the accident or incident giving rise to the claim occurred in order to determine whether the negligent or wrongful act of the claimant, his agent, or his employee, bars recovery in settlements made under section 2733 of title 10, United States Code (the so-called Military Claims Act). This section presently does not conform with local law or certain other major claims statutes of the United States (for example, 10 U.S.C. 2734; 4802, 7622, 9802; 28 U.S.C. 2672, 2674). In some of the 50 States and in most foreign countries where U.S. Armed Forces are stationed, the doctrine of comparative negligence is applied. Consequently, if a claim is settled or litigated in the United States under the Federal Tort Claims Act (28 U.S.C. 1346(b), 2671–2680), a claimant may

## MILITARY CLAIMS—LOCAL LAW

be paid in whole or in part for the damage or injury in accordance with the law of the place. Similar equitable payments are made in foreign countries when a claim is settled under the Foreign Claims Act, or is settled or adjudicated by a foreign country under an international agreement, such as the NATO Status of Forces Agreement. In these cases, payments are usually made in proportion to the share of the negligence of the parties concerned. Under section 2733(b)(4) of title 10, however, a claim is barred if the damage, injury, or death is caused wholly or partly by the claimant, his agent, or his employee. The end result is that an arbitrary legal doctrine is applied to claimants whose claims are cognizable only under section 2733 when local law and other Federal statutes would have permitted some payment.

The Military Claims Act is the sole remedy available in foreign countries to settle the claims of U.S. nationals who are neither inhabitants of a foreign country nor proper third-party claimants under international agreements. This statute may result in discrimination because the claims of foreign nationals may be paid, and those of U.S. nationals denied, under exactly the same set of circumstances, with the claims sometimes arising out of the same accident or incident. The proposed amendment would correct this inequity.

Clause (2) of the bill would clarify the appeals provision of the Military Claims Act with respect to settlements made by delegatees who are authorized to settle and pay claims not in excess of $1,000 under 10 U.S.C. 2733(g) by specifically authorizing an appeal to the Secretary of the military department concerned, or his designee, for that purpose. This amendment would also result in substantial savings of administrative costs.

The small-claims appeals procedure presently provided is the same as that for large claims and is unnecessarily costly in proportion to the amounts involved and the average number of errors corrected. Military department records reveal that the majority of claims settled under section 2733 fall within the provisions of subsection (g). The records also show that claimants appeal from the disapproval of their claims in whole or in part merely because the statutory right exists and normally no new evidence is furnished in support of the appeal. Moreover, in addition to the right of a claimant to appeal from a delegatee's settlement, every approving authority has the inherent right to reconsider his own settlement action at any time in order to correct an injustice, and his successors have similar authority under certain circumstances in accordance with Comptroller General and court decisions. Otherwise, such settlements are final and conclusive (10 U.S.C. 2735). Authority to designate an intermediate appellate authority to consider the appeals of these small claims, most of which are alleged to have been caused by sonic booms, would continue to protect these claimants from any arbitrary action by approving authority and insure fair and equitable treatment.

This proposed amendment would not affect claims settled in amounts in excess of $1,000 under section 2733(a). These would continue to be made by the Judge Advocate General concerned, subject to appeal to the Secretary, as provided therein.

Clause (3) of the bill would limit attorney fees to an amount not in excess of 10 percent of any award under section 2733. The actual amount of an attorney's fee within this limit would continue to be a matter for determination between the claimant and his attorney. Under the current statute, the majority of claims are settled directly between the Government and claimants, who are not represented by counsel. In many cases, moreover, counsel merely submit a claim, make their clients and witnesses available to Government investigators or physicians, and do not engage in extensive legal research or time-consuming negotiations or conferences regarding settlements. Normally, no briefs or other

## LEGISLATIVE HISTORY

legal documents are filed and the claim is settled and an award offered and accepted without any action by the claimant or his attorney, other than the execution of a settlement agreement, if the award is accepted. It is military department policy to make awards in accordance with the merits of the claim and U.S. standards of damages. In addition, all claims approved in excess of $5,000 under subsection (d) require congressional consideration before a payment in excess of that amount can be made. In view of these circumstances, and the absence of a limit on attorney fees under present law, some attorneys collect large contingency fees that are completely out of proportion to the time and labor involved in handling the claim.

### COST AND BUDGET DATA

Only clause (1) of the bill would have some increased budgetary impact. A realistic estimate, however, is not possible as this proposal would apply only to accidents arising in areas where the doctrine of comparative negligence applies and where the application of the Federal Tort Claims Act and the Foreign Claims Act is not involved. The bulk of the claims would be for property damage resulting from traffic accidents involving U.S. vehicles and private vehicles of U.S. nationals in foreign countries. In the past, the number and amounts of these claims have not been large. Clause (2) would result in considerable savings in the administrative costs of processing appeals. Clause (3) would have no budgetary effect.

Sincerely,

LEONARD MARKS, Jr.,
*Assistant Secretary of the Air Force.*

## COAST GUARD—CLAIMS

P.L. 90-525, see page 1019

House Report (Judiciary Committee) No. 602,
Aug. 24, 1967 [To accompany H.R. 206]

Senate Report (Judiciary Committee) No. 1527,
Sept. 11, 1968 [To accompany H.R. 206]

Cong. Record Vol. 113 (1967)

Cong. Record Vol. 114 (1968)

### DATES OF CONSIDERATION AND PASSAGE

House Sept. 11, 1967

Senate Sept. 12, 1968

The Senate Report is set out.

## SENATE REPORT NO. 1527

THE Committee on the Judiciary, to which was referred the bill (H.R. 206) to amend section 2733 of title 10 of the United States Code, to include authority for the settlement of claims incident to the noncombat activity of the Coast Guard while it is operating as a service in the Department of the Treasury, to increase the authority which may be delegated to an

3632