LEGISLATIVE HISTORY
P.L. 98-564

## CLAIMS AGAINST THE UNITED STATES

P.L. 98-564, see page 98 Stat. 2918

House Report (Judiciary Committee) No. 98-407, Oct. 6, 1983
[To accompany H.R. 597]

Cong. Record Vol. 129 (1983)
Cong. Record Vol. 130 (1984)

DATES OF CONSIDERATION AND PASSAGE

House October 24, 1983

Senate October 11, 1984

No Senate Report was submitted with this legislation.

### HOUSE REPORT NO. 98-407

[page 1]

The Committee on the Judiciary, to whom was referred the bill (H.R. 597) to amend sections 2733, 2734, and 2736 of title 10, United States Code and section 715 of title 32, United States Code, to increase the maximum amount of a claim against the United States that may be paid administratively under those sections and to allow increased delegation of authority to settle and pay certain of those claims, and for other purposes, having considered the same, report favorably thereon with an amendment and recommend that the bill as amended do pass.

\*   \*   \*   \*   \*

[page 2]

PURPOSE

The purpose of the proposed legislation, as amended, is to amend the claims settlement provisions of sections 2733, 2734, and 2736 of title 10, United States Code, and section 715 of title 32 of that Code, to increase the maximum amount of a claim that the military departments can pay administratively under those sections.

The bill would allow an increase in the delegation of authority to settle and pay certain of such claims and would authorize departmental employees as well as Armed Forces officers to act under claims procedure.

STATEMENT

The bill, H.R. 597, was introduced in accordance with an executive communication transmitted to the Speaker of the House of Representatives on June 24, 1982, by the Department of the Army in behalf of the Department of Defense.

The Subcommittee on Administrative Law and Governmental Relations held a hearing on the bill on March 23, 1983. Following the hearing the bill was favorably considered by the Subcommittee with an

## CLAIMS AGAINST THE UNITED STATES
P.L. 98-564

[page 3]

amendment restating the substance of the bill as proposed by the Department of Defense with technical and clarifying amendments. The revised language conforms with the standard form utilized in title 10 of the United States Code, and corrects the reference to the Supplemental Appropriation Act so that the reference is to section 1304 of recently codified title 31.

The bill H.R. 597 would increase the administrative authority of the Armed Forces to settle and pay claims which result from non-combat activity. As was pointed out in the executive communication, the present $25,000 limits on the claims payment as contained in the Military Claims Act, section 2733, and the Foreign Claims Act, section 2734, of title 10, United States Code, and as to National Guard claims in section 715 of title 32, United States Code, are too low to provide for effective and efficient claims administration. This bill, in raising the limits to $100,000 will remedy that situation and also enable the military departments and the Coast Guard to act promptly to minimize the financial hardships of persons who suffer injury or loss due to military activity.

Sections 2733 and 715 now provide that the Judge Advocates of the military departments and the Chief Counsel of the Coast Guard may delegate settlement authority for up to $5,000 to any officer of the Armed Forces concerned. This limit is also unrealistic in the light of present conditions. As an example of current costs, the executive communication pointed out the value of automobiles frequently exceed that amount. Also, the delays caused by that low limit on delegated authority add to the amount of claims since the claimants are forced to rent substitute vehicles for those lost due to some military activity. The bill would remedy this problem concerning the delegation of settlement authority by raising this limit to $25,000.

Finally, the bill would allow the secretary of a department more flexibility in delegating claims settlement authority to officers or employees under his jurisdiction. Current provisions limit the authority to settle such claims to officers of an armed force. The proposed legislation would permit delegation of that authority to civilian employees who, with rare exception, would be attorneys.

### DEPARTMENTAL AUTHORITY FOR CLAIMS SETTLEMENT AND PAYMENTS

At the hearing on March 23, 1983, the witness representing the Department of Defense stated that the primary thrust of the proposed amendments to section 2733 and 2734 of title 10, and to section 715 of title 32 is to facilitate daily claims operational activities of the military services. It was also pointed out that these amendments will make it possible for the departments concerned to provide for flexible and dependable methods to expedite the settlement of claims arising from military activity.

To place these amendments in perspective, a summary of the basic provisions of these three sections may be helpful.

(1) The first is 10 U.S.C. § 2733, known as the Military Claims Act. This statute authorizes the Department of Defense, the military departments, and the Coast Guard to administratively consider claims

## LEGISLATIVE HISTORY
P.L. 98-564

[page 4]

for death, personal injury, or property damage incident to noncombat activities of the agency concerned or not otherwise cognizable under either 10 U.S.C. § 2734 (below) or the Federal Tort Claims Act.

The second is 10 U.S.C. § 2734, the so-called Foreign Claims Act or Foreign Military Claims Act. This provision authorizes the military departments to consider claims for death, personal injury, or property damage arising in foreign countries. Since 28 U.S.C. § 2680(k) exempts claims arising in foreign countries from coverage under the Federal Tort Claims Act, overseas negligence claims involving the military departments are handled under this statute, unless such claims are settled under a Status of Forces Agreement such as that provided for under the North Atlantic Treaty Organization.

The third is 32 U.S.C. § 715, the National Guard Claims Act. Patterned generally after 10 U.S.C. § 2733, 32 U.S.C. § 713 authorizes the administrative consideration of death, personal injury, or property damage claims incident to noncombat activites of the National Guard or certain prescribed training. As with 10 U.S.C. § 2733, it does not apply to claims cognizable under either 10 U.S.C. § 2734 or the Federal Tort Claims Act.

These three sections have several things in common: they provide administrative, not judicial, relief; they are subject to a 2-year statute of limitations; and claim settlements are final and conclusive. In addition to the three sections just discussed, the bill would amend section 2736 of title 10 to raise the limit for claims payment under that section from $1,000 to $10,000. Currently, under section 2736, in accordance with regulations of the Secretary of the military department concerned, an amount not in excess of $1,000 may be paid in advance of the submission of any claim to or for any person, or his legal representative, who has been killed or injured, or whose property has been damaged or lost, under circumstances for which allowance of a claim is authorized under the Military Claims Act, the National Guard Claims Act or the Foreign Claims Act.

The basic change to sections 2733 and 2734 of title 10 and section 715 of title 32 is to increase the amount a military department or the Coast Guard may settle administratively to $100,000. When the Secretary concerned determines that a claim in excess of that amount is meritorious, the first $100,000 of the claim could be paid and the balance would be certified to the Comptroller General for payment under the authority presently provided for the payment of such claims in section 1304 of title 31. The same procedure is now followed for claims payments subject to the current $25,000 limit for administrative settlement in these three sections. Now payments of amounts in excess of $25,000 for approved claims are being paid upon authorization by the Comptroller General in accordance with the provisions of section 1304 of title 31.

The General Accounting Office supports this bill. The testimony of that office was presented on March 23, 1983 by David E. Bryant, Jr., Director (Claims) of the General Accounting Office, Accounting and Finance Division. Mr. Bryant, in testifying in support of these amendments, pointed out that the amended sections would shift the fiscal accountability to agencies for allowable claims between $25,000 and $100,000. The General Accounting Office witness further noted that the Government may realize a benefit due to this direct fiscal account-

4874

## CLAIMS AGAINST THE UNITED STATES
P.L. 98-564

[page 5]

to noncombat
nizable under
ms Act.
Claims Act or
; the military
y, or property
0(k) exempts
r the Federal
 the military
:h claims are
 provided for

ims Act. Pat-
iuthorizes the
, or property
itional Guard
3, it does not
)r the Federal

 they provide
2-year statute
isive. In addi-
imend section
:r that section
in accordance
)artment con-
in advance of
s legal repre-
-erty has been
ice of a claim
tional Guard

0 and section
rtment or the
ien the Secre-
iat amount is
l and the bal-
iyment under
uch claims in
7ed for claims
trative settle-
s in excess of
ization by the
f section 1304

 testimony of
:. Bryant, Jr.,
:counting and
' these amend-
t the fiscal ac-
 $25,000 and
er noted that
iscal account-

ability since it will have a bearing on compromise settlement offers and in the management of government activities which give rise to claims of these type. The General Accounting Office also pointed out that administrative paperwork will be reduced and allowable claims of $100,000 and the first $100,000 of claims over $100,000 will be paid 4 to 6 weeks faster than is now the case. There is expected to be no increase in claims payment. The amendments shift the responsibility and fiscal accountability to the department concerned since the administrative settlemetnts up to $100,000 would have to be made from departmental funds. The General Accounting Offie testimony pointed this out and stated that with the amendments, there would be the same overall level of Treasury disbursement for claims affected by the amendments provided for in H.R. 597.

In fact the simplification and expedition of processing and paying claims up to $100,000 could serve to reduce the cost of claims administration.

The bill makes no changes in the policies concerning claims payment expressed in these sections. However, the increased fiscal accountability of the department is, in the opinion of the Committee, a very desirable feature of these amendments. This was commented upon by the General Accounting Office witness at the hearing when he stated:

> . . . an agency should bear some measure of accountability, within reasonable limits, for claims of that type resulting from its activities or from the acts or omissions of its employees. Direct exposure to the fiscal consequences of its action may provide greater incentive to the agency to undertake risk analysis, and, where appropriate, implement corrective action.

As was stated in the outline of the provisions of sections to be amended, section 3 of the bill would amend section 2736(a) of title 10 by increasing the limit for payment under that section from $1,000 to $10,000. The authority for payment under this section is directly related to claims settlement under the other three sections discussed in this report since, by regulation, the Secretary of the military department concerned may authorize the payment of an amount not in excess of $1,000 in advance of the submission of any claim to or for any person, or his legal representative, who has been killed or injured, or whose property has been damaged or lost, under circumstances for which allowance of a claim is authorized under the Military Claims Act (10 U.S.C. 2733), the National Guard Claims Act (32 U.S.C. 715) or the Foreign Claims Act (10 U.S.C. 2734). The proposed amendment to section 2736 of title 10 would authorize an advance payment of not more than $10,000 in these circumstances. Departmental consideration of claims presented under these claims statutes may require a considerable period of time. Even if the process is streamlined as proposed in this bill, extreme hardship can be caused claimants who have suffered personal or property damage as the result of activities of the Armed Forces. The present authority for advance payments not exceeding $1,000 does not provide the services sufficient flexibility in attempting to mitigate these hardships. The amendment, of course, would not affect other existing provisions of section 2736 which provide that advance payments do not constitute an admission of liability by the United States for the damages and that any advance payments made will be deducted from any settlement of a claim.

## LEGISLATIVE HISTORY
P.L. 98-564

[page 6]

As has been stated, the bill would amend sections 2733 and 2734 of title 10 and section 715 of title 32 to allow the secretary of a department more flexibility in delegating claims settlement authority to officers or employees under his jurisdiction. Current provisions limit the authority to settle such claims to officers of an armed force. The proposed legislation would permit delegation of that authority to civilian employees who, with rare exceptions, would be attorneys. The provision providing for the use of military officers dates back to enactment of the Military Claims Act in July of 1943 during World War II.

The requirement concerning the use of military officers for claims settlement can be understood because of wartime conditions. It also can be assumed that few civilian attorneys were employed by the military departments at that time. Now the military departments employ a large number of civilian attorneys and a substantial number of them are used to perform duties in the claims area. The military services now use civilian attorneys to settle claims under the Federal Tort Claims Act, the Military Personnel and Civilian Employees Act, and other statutes. These amendments will make it possible to conform these sections with the procedures followed in administering the other claims statutes.

### CLAIMS PAYMENT PROCEDURES

Prior to 1978, claims under $25,000 settled under sections 2733 and 2734 of title 10 as well as section 715 of title 32 were paid directly by the agency concerned out of available appropriations. If an award exceeded $25,000, the agency paid the first $25,000 and submitted the excess to the Congress for a specific appropriation. The practice became to submit the awards to the Congress through the Office of Management and Budget as appropriation requests. The appropriations were then included in supplemental appropriation acts and were made almost as a matter of routine. The last specific appropriation for such claims was contained in the Supplemental Appropriation Act, 1977, Pub. L. No. 95-26 (May 4, 1977) 91 Stat. 61, 93.

In early 1978, Congress eliminated the need for specific appropriations by expanding the permanent judgment appropriations, 31 U.S.C. § 1304 (former 31 U.S.C. § 724a), to cover amounts awarded under these three statutes in excess of the amounts payable from agency appropriations. This amendment was made by the Supplemental Appropriations Act, 1978, Pub. Law 95-240 (March 7, 1978), §201, 92 Stat. 107, 116. The 1978 amendment, made in an appropriation act, allowed claims in excess of $25,000 to be paid from the judgment appropriation; however, corresponding technical amendments were not made to the three substantive statutes. H.R. 597 makes these technical amendments.

Thus, since March 1978, the agencies concerned have continued to pay awards up to $25,000, or the first $25,000 of larger awards, directly from available appropriations. Amounts in excess of the statutory amounts payable from agency funds have been submitted to the General Accounting Office for certification and payment from the permanent judgment appropriation.

Claims settlement under the National Guard Claims Act, 32 U.S.C. § 715, is likely to diminish. Public Law No. 97-124 amended the Federal Tort Claims Act to extend its coverage to claims arising from

## CLAIMS AGAINST THE UNITED STATES
P.L. 98-564

[page 7]

acts or omissions of members of the National Guard while engaged in training or duty under specified sections of title 32. Since claims cognizable under the Federal Tort Claims Act are not cognizable under the National Guard Claims Act (32 U.S.C. § 715(b)(2)), claims subject to the Federal Tort Claims Act where negligence can be established will now be settled under that Act.

In view of the 1978 amendment to the permanent judgment appropriation, discussed above, it is clear that the primary thrust of H.R. 597 would be to shift the burden of awards between $25,000 and $100,000 plus the first $100,000 of larger awards, from the general fund of the Treasury to the appropriations of the agency whose actions gave rise to the claim. The bill would also revise the three substantive statutes to refer to payment under section 1304 of title 31 and thereby to reflect which has in fact been the law since March 1978. Since the awards are currently payable from appropriated funds, H.R. 597 would not increase Federal liability or expenditures. An incidental effect would be to simplify and expedite the processing and payment of claims up to $100,000.

### Conclusion

The Committee has concluded that the recommendations of the Department of Defense will improve claims administration and settlement and should be implemented by enactment of the amended bill. As has been stated, the amended bill restates the substance of the Department of Defense proposal with technical changes so that the language of the amended bill follows the same form as the standard provisions of codified title 10 and corrects the reference to section 1302 of the Supplemental Appropriation Act as now codified in section 1304 of title 31, United States Code. It is recommended that the amended bill be considered favorably.

### Section-by-Section Analysis

#### SECTION 1

This section amends the Military Claims Act provisions codified in section 2733 of title 10, United States Code. Non-combat claims arising out of military activities in the United States which may not be covered under the Federal Tort Claims Act (such as sonic boom claims) as well as claims arising in foreign countries are covered by these provisions.

The current and proposed payment authority under 10 U.S.C. 2733 is illustrated by the following chart supplied by the Department of Defense:

|  | Current | Proposed |
|---|---|---|
| Secretary of a department | Approves all payments in excess of $25,000. | Approve payments in excess of $100,000. |
| The Judge Advocate General of a military dept. (or Chief Counsel Coast Guard.) | Approves all payments in excess of $5,000 but not more than $25,000. | Approve payments in excess of $25,000 but not more than $100,000. |
| Other delegated settlement authorities. | Can approve payments not in excess of $5,000. | Approve payments not in excess of $25,000. |

4877

LEGISLATIVE HISTORY
P.L. 98-564

[page 8]

SECTION 2

Section 2 amends the Foreign Claims Act provisions codified in section 2734 of title 10, United States Code. Claims by foreign nationals for damages caused by activities of United States military personnel including damage claims which are not covered by a Status of Forces Agreement (SOFA) between the United States and the foreign nation are covered under the provisions of 10 U.S.C. 2734.

The current and proposed payment authorities are illustrated in the following chart provided by the Department of Defense:

| Action Officer | Current provisions | Proposed provisions |
|---|---|---|
| Secretary of a department | Approves all claims where amount to be paid exceeds $25,000 (agency pays that amount and balance is reported to Comptroller General for payment). | Approve claims where amount to be paid exceeds $100,000 (agency would pay that amount and report the balance to Comptroller General for payment). |
| The Judge Advocate General of an Armed Force (or Chief Counsel Coast Guard). | None [1] | None.[1] |
| Foreign Claims Commission | Approves claims not in excess of $25,000. | Subject to regulation prescribed by Secretary of Department, approve and pay claims not in excess of $100,000. |

[1] Service regulations set forth TJAG authority.

SECTION 3

This section amends the provisions of section 2736(a) of title 10, United States Code to increase the authorized advance payments for claims under sections 2733 and 2734 of title 10 from $1,000 to $10,000. Only personnel authorized to pay the largest anticipated amount of the claim in question may authorize advance payments. The advance payment provided for in this section is deducted from final payment of the claim. It is designed to alleviate immediate hardships of claimants during the settlement process. Inflation has rendered the current $1,000 amount inadequate.

SECTION 4

This section amends the National Guard Claims Act provisions of section 715 of title 32, United States Code. These provisions are identical to the Military Claims Act provisions of 10 U.S.C. 2733 but apply to training activities of the Army and Air National Guard.

STATEMENT UNDER CLAUSE 2(l)(2)(B), CLAUSE 2(l)(3)(A), CLAUSE 2(l)(3)(B), CLAUSE 2(l)(3)(D) AND CLAUSE 2(l)(4) OF RULE XI, AND CLAUSE 7(A)(1) OF RULE XIII

COMMITTEE VOTE (RULE XI(2)(l)(2)(B))

On September 27, 1983, a quorum being present, the full Committee on the Judiciary approved the bill, H.R. 597, by voice vote.

OVERSIGHT STATEMENT (RULE XI(2)(l)(3)(A))

The Subcommittee on Administrative Law and Governmental Relations of this Committee exercises the Committee's oversight responsibility with reference to in accordance with Rule VI(b) of the Rules

4878

CLAIMS AGAINST THE UNITED STATES
P.L. 98-564

[page 9]

of the Committee. The favorable consideration of this bill was recommended by that Subcommittee and the Committee has determined that the legislation should be enacted as set forth in this bill.

BUDGET STATEMENT (RULE XI(2)(1)(3)(B))

The bill does not directly provide budget authority nor does it involve new or increased tax expenditures contemplated by Clause 2(1)(3)(B) of Rule XI.

OVERSIGHT FINDINGS AND RECOMMENDATIONS OF THE COMMITTEE ON GOVERNMENT OPERATIONS (RULE XI(2)(1)(3)(D))

No findings or recommendations of the Committee on Government Operations were received as referred to in subdivision (D) of clause 2(1)(3) of House Rule XI.

INFLATIONARY IMPACT (RULE XI(2)(1)(4))

In compliance with clause 2(1)(4) of House Rule XI, it is stated that this legislation will have no inflationary impact on prices and costs on the operation of the national economy.

COST (RULE XIII(7)(a)(1))

The costs are those outlined in the cost estimate of the Congressional Budget Office included in this report.

U.S. CONGRESS,
CONGRESSIONAL BUDGET OFFICE,
*Washington, D.C., October 4, 1983.*

Hon. PETER RODINO,
*Chairman, Committee on Judiciary, U.S. House of Representatives, Washington, D.C.*

DEAR MR. CHAIRMAN: Pursuant to Section 403 of the Congressional Budget Act of 1974, the Congressional Budget Office has reviewed H.R. 597, to increase the maximum amount of a claim against the United States that may be paid administratively and to allow increased delegation of authority to settle and pay certain claims, and for other purposes, as ordered reported by the House Judiciary Committee on September 27, 1983. Claims against the Federal Government in amounts of $25,000 or less are currently handled administratively by the military services. This bill would raise that limit to $100,000. Additionally, the limit for claims for which settlement authority may be delegated is raised from $5,000 to $25,000.

It is expected that no significant net cost to the government will be incurred as a result of enactment of this legislation. It is estimated, however, less than $2 million per year in claims currently funded in function 800 (General Government) would be funded in function 050 (National Defense). There would be no direct budgetary cost to state and local governments.

Should the Committee so desire, we would be pleased to provide further details on this estimate.

Sincerely,

RUDOLPH J. PENNER,
*Director.*

\*    \*    \*    \*    \*

## LEGISLATIVE HISTORY
P.L. 98-564

[page 13]

[The executive communication referred to in this report is as follows:]

DEPARTMENT OF THE ARMY,
*Washington, D.C., June 24, 1982.*

Hon. THOMAS P. O'NEILL, Jr.,
*Speaker of the House of Representatives,*
*Washington, D.C.*

DEAR MR. SPEAKER: Enclosed is a draft of legislation, "To amend sections 2733, 2734 and 2736 of title 10, United States Code, and section 715 of title 32, United States Code, to increase the maximum amount of a claim against the United States that may be paid administratively under those sections and to allow increased delegation of authority to settle and pay certain of those claims and for other purposes." The proposal is part of the Department of Defense Legislative Program for the 97th Congress, and the Office of Management and Budget advises that, from the standpoint of the Administration's program, there is no objection to the presentation of this proposal for the consideration of the Congress. The Department of the Army has been designated the representative of the Department of Defense for this legislation. The Army recommends that the proposal be enacted by the Congress.

[page 14]

### PURPOSE OF THE LEGISLATION

The purpose of the instant proposal is to increase the authorities available to officials of the Armed Forces for the settlement of claims against the Federal Government as a result of certain operations of the Armed Forces. Currently, the statutory authorizations available for officials of the Armed Forces to settle and pay claims are too low to continue an effective and efficient administration of claims. Section 2733 of title 10 (known informally as the Military Claims Act) and section 715 of title 32 (known informally as the National Guard Claims Act), similar statutory provisions for the administration of claims for various activities of the active and Reserve components of the Armed Forces, limit the Judge Advocates General of the military departments and the Chief Counsel (formerly the chief legal officer) of the Coast Guard to settle claims in an amount of $25,000 and less. The Judge Advocates General and the Chief Counsel of the Coast Guard may delegate settlement authority for up to $5,000 to any officer of the Armed Force concerned. Amounts considered meritorious for payment to claimants in excess of $5,000, if acted on by a delegated officer, or in excess of $25,000, if considered by the Judge Advocate General of a military department or the Chief Counsel of the Coast Guard, must be reported formally to senior officials or the Comptroller General under 31 U.S.C. 724a, as the case may be. The $5,000 limitation especially is inappropriate at this time with the cost of automobiles frequently exceeding that amount. A costly byproduct of the system is the rental of substitute vehicles for claimants who have lost their automobiles through some activity of the Armed Forces and who must wait the approval of senior officials of the Armed Forces to approve their often mundane claims. Involvement of the Comptroller General for claims in excess of $25,000 bespeaks a similar inefficiency of the current

## CLAIMS AGAINST THE UNITED STATES
P.L. 98-564

eport is as

RMY,
24, 1982.


"To amend
and section
um amount
nistratively
uthority to
." The pro-
rogram for
get advises
. there is no
deration of
ignated the
lation. The
ngress.



authorities
t of claims
ions of the
ailable for
too low to
as. Section
Act) and
ard Claims
claims for
the Armed
partments
the Coast
The Judge
luard may
icer of the
r payment
fficer, or in
neral of a
ard, must
r General
ation espe-
obiles fre-
system is
their auto-
must wait
rove their
eneral for
he current

claims authorities but at a different level of authority. Section 2734 of title 10 (known informally as the Foreign Claims Act) contains similar limitations of authority as the Military Claims Act and the National Guard Claims Act. Under the Foreign Claims Act the Secretary concerned may appoint a Claims Commission to settle and pay claims for not more than $25,000. Again, if a claim in excess of $25,000 is deemed meritorious by the Secretary concerned, the matter must be sent to the Comptroller General for certification for payment. The Claims Commission must be composed of one or more commissioned officers of the Armed Forces.

The instant proposal would increase the general claims authorities in the Military Claims Act, the National Guard Claims Act, and the Foreign Claims Act to $100,000 and would require the procedures that the Comptroller General now uses for certifying meritorious claims under 31 U.S.C. 724a for amounts in excess of $100,000. The Comptroller General's duties in this regard would be ministerial, with the decision that a claim is meritorious being made by the Secretary concerned. The intermediate settlement authorities also are proposed to be raised to $25,000 under the Military Claims Act, $25,000 under the National Guard Claims Act, and $10,000 under the Foreign Claims Act. The proposal further clarifies that employees as well as officers of the Armed Forces are authorized to act under the claims procedures. These

[page 15]

changes are considered necessary to increase the responsibilities of claims personnel of the Armed Forces, thereby reducing administrative requirements necessary because of the current inadequate limitations. Such a management change will increase the efficiency of claims operations, thereby reducing costs of claims administrative in the Armed Forces. The recipients of the increased authorities will be experienced claims personnel (mostly attorneys) who have undergone intensive training in claims administration and have gained experience in working with settlement officers. The proposed increases in the value of claims which may be settled reflect increases in the costs of medical care and other costs of living since 1974, when the existing statutory authorities were established. The proposal is a sensible legislative change that will enable a more efficient administration of claims in the Armed Forces.

Finally, the proposal would amend one other statutory limit applicable to claims in the Armed Forces. Presently, under section 2736 of title 10, under regulations of the Secretary of the military department concerned, an amount not in excess of $1,000 may be paid in advance of the submission of any claim to or for any person, or his legal representative, who has been killed or injured, or whose property has been damaged or lost, under circumstances for which allowance of a claim is authorized under the Military Claims Act (10 U.S.C. 2733), the National Guard Claims Act (32 U.S.C. 715) or the Foreign Claims Act (10 U.S.C. 2734). The proposed amendment to section 2736 of title 10 would authorize an advance payment of not more than $10,000 in these circumstances. Because of the time required to administratively process presented under the above Acts, even if the process is streamlined as proposed in this legislation, extreme hardship can be caused claimants who have suffered personal or property damage as the result of activities of the Armed Forces. The present authority

LEGISLATIVE HISTORY
P.L. 98-564

for advance payments not exceeding $1,000 does not provide the services sufficient flexibility in attempting to mitigate these hardships. The amendment would not affect other existing provisions of section 2736 which provide that advance payments do not constitute an admission of liability by the United States for the damages and that any advance payments made will be deducted from any settlement of a claim.

COST AND BUDGET DATA

The proposed legislation will not result in any additional cost to the United States; however, it will affect the amount of payments which will be chargeable against Department of Defense claims appropriations because some claims previously reported to the General Accounting Office for payment will be paid out of Defense Department appropriations. The costs of administering the settlement of claims in the Department of Defense will be lessened in an indeterminate amount.

Sincerely,

PAT HILLER,
*Acting Assistant Secretary of the Army
(Installations, Logistics and Financial Management).*

Enclosure.

\*    \*    \*    \*    \*

[page 17]

SECTION-BY-SECTION ANALYSIS

Section 1(a) amends section 2733(a) of title 10, United States Code, to increase from $25,000 to $100,000 the amount of a claim that the Judge Advocate General of an Armed Force or the Chief Counsel (formerly the chief legal officer) of the Coast Guard may be designated to settle under that section.

Section 1(b) is a revision of the current section 2733(d) of title 10, United States Code, to increase from $25,000 to $100,000 the amount of a claim that the Secretary concerned is designated to approve as meritorious as well as to incorporate the provisions of the Supplemental Appropriation Act, 1957, as amended (31 USC 724a) section 1504 of proposed title 31 as codified to provide that any meritorious claim over $100,000 can be reported by the Secretary concerned to the Comptroller General for payment.

Section 1(c) is a revision of the current section 2773(g) of title 10, United States Code, to increase from $5,000 to $25,000 the amount that an officer or employee is authorized to settle for claims under that section. The revision further authorizes the Secretary concerned to promulgate regulations concerning the exercise of this authority and provides an appeal mechanism for an unsuccessful claimant from the final decision of the settlement authority to the Secretary concerned.

Section 2(a) amends section 2734(a) of title 10, United States Code, first by revising the first part of the section to increase from $25,000 to $100,000 the amount of a claim that a Secretary concerned, or a claims commission composed of one or more officers or employees of the Armed Forces, may be designated to settle, under that section, for damage to or loss of property of any foreign country, or for per-

4882

CLAIMS AGAINST THE UNITED STATES
P.L. 98-564

[page 18]

sonal injury to or death of any inhabitant of a foreign country, if the incident happens outside the United States or its possessions; and secondly, it authorizes an employee of an Armed Force to serve on a claims commission of a different Armed Force with the consent of the Secretary concerned.

Section 2(b) is a revision to section 2734(c) of title 10, United States Code, to increase from $2,500 to $10,000 the amount of a claim an officer or employee, appointed by the Secretary concerned, may be designated to settle under that section.

Section 2(c) is a revision to section 2734(d) of title 10, United States Code, to conform to the change in section 2734(a), revised by this Act, and to incorporate the provision that any meritorious claim over $100,000 may be reported by the Secretary concerned to the Comptroller General for payment under section 1302 of the Supplemental Appropriation Act, 1957, as amended (31 U.S.C. 724a) section 1504 of the proposed title 31 as codified.

Section 3 amends section 2736 of title 10, United States Code, to increase the monetary amount of advance payments for claimants from $1,000 to $10,000 for claims payable under section 2733 or 2734 of title 10 or section 715 of title 32.

Section 4(a) amends section 715(a) of title 32, United States Code, by increasing the settlement authority of the Judge Advocate General of an Armed Force regarding claims against the United States for damage to or loss of property or personal injury or death caused by a member of the Army National Guard or the Air National Guard while engaged in training or duty from $25,000 to $100,000.

Section 4(b) is a revision of section 715(d) of title 32, United States Code, to increase from $25,000 to $100,000 the amount that a Secretary concerned may be designated to settle in a claim arising from an act of a member of the Army National Guard or the Air National Guard while engaged in training or duty. It also incorporates section 1302 of the Supplemental Appropriation Act, 1957, as amended (31 U.S.C. 724a) section 1504 of the proposed title 31 as codified that a meritorious claim over $100,000 may be reported by the Secretary concerned to the Comptroller General for payment.

Section 4(c) is a revision of section 715(f) of title 32, United States Code, to increase from $5,000 to $25,000 the amount that can be delegated to a military officer or civilian employee for settlement authority under that section. It also authorizes the claimant to appeal a decision to the Secretary concerned or his designee.