eign
per-
this
onal
nces
osts
; to
and
cost
just
vice
the
jton
ices
ber-
be
ica-

that
tter
ious
by
cili-
now

# MILITARY PERSONNEL CLAIMS ACT OF 1945

*For text of Act see p. 208*

## HOUSE COMMITTEE ON CLAIMS

*House Report No. 237, February 27, 1945*

THE Committee on Claims, to whom was referred the bill (H. R. 2058) to provide for the settlement of claims of military personnel and civilian employees of the War Department or of the Army for damage to or loss, destruction, capture, or abandonment of personal property occurring incident to their service, having considered the same, report favorably thereon with an amendment and recommend that the bill as amended do pass.

## STATEMENT OF FACTS

The purpose of the proposed legislation is to provide a single, clear, definite, and workable statute for the settlement of claims of military personnel and civilian employees of the War Department or of the Army for the loss of their personal property incurred while in the service and to repeal certain statutes which have been found to be obsolete or unworkable and not appropriate to present conditions. This legislation was proposed by the War Department, and the need therefor is succinctly stated in its report dated February 2, 1945, which is attached hereto.

In the administration of the present statutes relating to claims for the loss of personal property it has been found that such statutes do not grant equal justice in that the claim of one member of the Army may be approved while a similar claim by another member who lost property in the same incident is necessarily disapproved because barred by some technical limitation of the law. Examples of such injustice are to be found in cases involving the loss of clothing and personal effects in barracks fires or on board Army transports. When a fire breaks out in barracks at night and a soldier awakens in time to do nothing more than escape from the building and save his own life, his claim cannot be paid, yet the claim of another soldier may be paid if he saves any item of Government property however small in value. Likewise claims of persons engaged in military duties in connection with the fire may be paid while the claim of a soldier who is on duty elsewhere of equal or greater importance to the Army cannot be paid even if the fire was caused by the negligence of Government personnel. One of the primary defects in the present statutes governing claims of this character is that no adequate provision is made for the payment of claims for losses caused by negligence on the part of responsible Government employees. Enactment of the proposed legislation would make possible the payment administratively of a number of meritorious claims of Army personnel upon which the War Department has been unable under existing law to act favorably and will thus prevent a multiplicity of special bills for private relief.

715

## CONGRESSIONAL COMMENTS

The amendment proposed by the committee would strike from the bill the provision making the statute inoperative at the expiration of 6 months after the end of the war. The present statutes relating to claims of this character are permanent statutes, and it is the opinion of the committee that the new legislation which would repeal the existing permanent statutes on this subject should likewise be permanent legislation. Therefore, it would be inadvisable to place in the new legislation a clause which would limit its application to a definite specified period of time, and which, if enacted in such form, would result in there being no statute upon the subject at the expiration of such period. Furthermore, it is believed that it would be unjust to place in new legislation a clause which would bar claims not presented within 6 months after the end of the war as that would obviously preclude the effective presentation of claims by some soldiers who, due to the exigencies of the war, may be unable to prepare and file their claims within that time.

Appended hereto is the report of the War Department, together with a list of cases illustrating the types of meritorious claims which the War Department has been unable to pay under existing law and which would be payable under the proposed legislation. Your committee recommend favorable consideration to the bill as amended.

---

WAR DEPARTMENT,
*Washington, February 2, 1945.*

The SPEAKER, HOUSE OF REPRESENTATIVES.

DEAR MR. SPEAKER: There is enclosed herewith draft of a bill to provide for the settlement of claims of military personnel and civilian employees of the War Department or of the Army for damage to or loss, destruction, capture, or abandonment of personal property occurring incident to their service, which the War Department recommends be enacted into law.

The purpose of the proposed legislation is to accomplish the following:

1. To eliminate obsolete statutory authorizations.
2. To authorize the payment of certain types of meritorious claims now precluded by the limited scope of the act of March 4, 1921 (41 Stat. 1436; 31 U. S. C. 218–222), as amended by the act of July 3, 1943 (57 Stat. 374; 31 U. S. C. 222a, 222b).
3. To authorize the payment of certain types of meritorious claims formerly payable under the act of December 28, 1922 (42 Stat. 1066; 31 U. S. C. 215–217), but not now payable due to the fact that the above statute is no longer applicable to the War Department and the claims in question are specifically excluded from the provisions of the act of July 3, 1943, and are not within the limited scope of the act of March 4, 1921, as amended.
4. To provide a single, clear, definite, and workable statutory authorization for the settlement of all claims of military personnel and civilian employees of the War Department or of the Army.
5. To complete the original plan whereby the provisions for the settlement, in a substantially uniform manner, of all claims incident to the activities of the War Department or of the Army may be consolidated into three acts as follows:
   (a) Foreign Claims Act (57 Stat. 66; 31 U. S. C. 224d).
   (b) Military Claims Act (act of July 3, 1943; 57 Stat. 374; 31 U. S. C. 223b).
   (c) Military Personnel Claims Act (proposed bill enclosed herewith).

Existing statutes relating to claims covered by the proposed bill are as follows: Sections 3483–3488 of the Revised Statutes (31 U. S. C. 209–

## MILITARY PERSONNEL CLAIMS ACT OF 1945

214), and the act of March 3, 1885 (23 Stat. 350), as amended by the act of July 9, 1918 (40 Stat. 880), and by the act of March 4, 1921 (41 Stat. 1436; 31 U. S. C. 218–222), and by section 6 of the act of July 3, 1943 (57 Stat. 374; 31 U. S. C. 222a, 222b).

The need for this proposed legislation is due in part to the desirability of eliminating statutory authorizations no longer necessary and resulting only in confusion. For example, there are included in the statutes cited above detailed provisions for the settlement of claims for horses, mules, oxen, wagons, carts, sleighs, harness, steamboats and other vessels, railroad engines and railroad cars.

The need for this proposed legislation is due also in part to the many changes caused by modern methods of warfare, and the vastly enlarged scope of War Department and Army activities throughout the world, not contemplated when existing statutes were enacted. There is no existing statutory authority for the settlement of many meritorious claims which do not fall within the four limited categories of the act of March 4, 1921, as amended, or any other existing statutes.

As a concrete example attention is invited to category "fourth" of section 1 of the act of March 4, 1921, upon which a narrow construction has been placed because it was intended to cover claims for property lost on the battlefield when the line of battle changed. When trench warfare predominated, the lines moved back and forth over relatively small areas of land. In the present war, in which activities in the air play so important a part and in which there are several theaters of operations, practically the whole world has become a battlefield. It is believed, for example, that the claim of a pilot forced down over the English Channel when his plane catches fire or when an engine stops for some undetermined cause should be paid, yet there exists grave doubt that such a claim can properly be paid unless the pilot is in actual contact with the enemy or the catastrophe is caused directly by enemy action.

Although the claim of an officer or soldier who in making a change of station loses his property in a plane crash may be paid under category "third", act of March 4, 1921, the claim of a pilot who is ferrying a plane even to a foreign destination cannot be paid because he is engaged in what is termed routine military duties.

Further, personal property of military personnel is frequently lost incident to training and special field exercises, as when a plan crashes on a training flight, a landing barge overturns in practice landing operations, or grenades, land mines or other explosives are detonated in practice operations. Such losses are not compensable under existing statutes.

Perhaps the greatest injustice is being done to those persons who lose their clothes and personal effects in barracks fires. The second category of section 1, act of March 4, 1921, is very limited in its scope. When a fire breaks out in barracks at night and a soldier is awakened in time to do nothing more than escape from the building and save his own life his claim cannot be paid, yet the claim of another soldier may be paid if he saves any item of Government property however small in value. Likewise claims of persons engaged in military duties in connection with the fire may be paid if all other statutory requirements are satisfied, but the claims of persons who are on duty elsewhere cannot be paid even if the fire was caused by the negligence of Government personnel; their claims are not payable because they do not come within purview of the act of March 4, 1921, as heretofore construed, nor are such claims payable under the act of July 3, 1943, because the loss occurred incident to their service and such claims cannot now be paid under the act of December 28, 1922, because it is no longer applicable to the War Department.

It is believed that further illustration would add undue length to this communication. The Judge Advocate General has, however, prepared a detailed digest of actual cases which may be of interest to your committee as indicative to some extent of the hardships and injustices to certain classes of claimants under existing statutory authorizations. Enactment

717

## CONGRESSIONAL COMMENTS

of the proposed legislation would make possible the payment administratively of a substantial number of meritorious claims still unsatisfied which the War Department has under existing legislation been compelled to act upon unfavorably. A multiplicity of special bills for private relief would thus be avoided.

By the passage of the act of April 22, 1943 (57 Stat. 66), commonly referred to as the Foreign Claims Act, the Congress made available to the War Department a thoroughly satisfactory and workable basis for the settlement of claims for damage caused by our armed forces in foreign countries.

The next forward step came with the passage of the act of July 3, 1943, which consolidated all then existing statutory provisions for the administrative settlement of claims other than claims under the Foreign Claims Act and claims of War Department and Army personnel.

The only field of statutory authorization with respect to military claims which has not been modernized to meet present conditions is that covering the claims of military personnel and civilian employees of the War Department or of the Army for damage to or loss, destruction, capture, or abandonment of personal property occurring incident to their service. Fair, just, and prompt administrative processing of these claims is of paramount importance, especially in time of war. The manner in which such claims are handled and the length of time required to effect payment or other final action has a direct effect upon morale in the Army and upon relatives and friends on the home front. At the present time, members of our armed forces and civilian employees of the War Department or of the Army stationed in all parts of the world are continuously subjected to hazards which result in loss, damage, or destruction of their personal property. It has become apparent that there is urgent need for new legislation to effect a fair, equitable, and uniform basis for the settlement of such claims.

Enactment of the enclosed bill would make possible the settlement by disapproval, replacement in kind, or payment in money, of claims for damage to or loss, destruction, capture, or abandonment of personal property coming within the provisions thereof to be effected, after appropriate investigation and recommendation, by the Secretary of War, with power to delegate such authority in appropriate classes of cases and under applicable Army regulations.

Attention is invited to the provision that any settlement made by the Secretary of War, or his designee, under the authority of the proposed legislation and such regulations as he may prescribe thereunder, will be final and conclusive for all purposes, notwithstanding any other provision of law to the contrary. In the absence of fraud or mistake in mathematical calculations, the findings of fact, conclusions of law, and the decision of the Secretary of War, or his designee, upon the merits of any claim, would not be subject to review by any other administrative or accounting officer, employee, or agent of the United States.

This proposed bill has been drafted after conferences and collaboration with the Navy Department.

Due to the nature of the legislation, it is impossible to estimate with reasonable accuracy the cost of the bill.

The Bureau of the Budget advises that there is no objection to the submission of this proposed legislation for the consideration of the Congress.

Sincerely yours,

ROBERT P. PATTERSON,
*Acting Secretary of War.*

## MILITARY PERSONNEL CLAIMS ACT OF 1945

CLAIMS OF MILITARY PERSONNEL AND CIVILIAN EMPLOYEES OF THE WAR DEPARTMENT OR OF THE ARMY FOR DAMAGE TO OR LOSS, DESTRUCTION, CAPTURE, OR ABANDONMENT OF PERSONAL PROPERTY IN THE SERVICE

(War Department, Army Service Forces, Office of the Judge Advocate General)

PART I. THE PURPOSE OF THE PROPOSED LEGISLATION

The subject bill would provide for the settlement of claims of military personnel and civilian employees of the War Department or of the Army for damage to or loss, destruction, capture, or abandonment of personal property occurring incident to their service.

The purpose of the proposed legislation is to accomplish the following:

1. To eliminate obsolete statutory authorizations.
2. To authorize the payment of certain types of meritorious claims now precluded by the limited scope of the act of March 4, 1921 (41 Stat. 1436; 31 U. S. C. 218–222), as amended by the act of July 3, 1943 (57 Stat. 374; 31 U. S. C. 222a, 222b).
3. To authorize the payment of certain types of meritorious claims formerly payable under the act of December 28, 1922 (42 Stat. 1066; 31 U. S. C. 215–217), but not now payable due to the fact that the above statute is no longer applicable to the War Department and the claims in question are specifically excluded from the provisions of the act of July 3, 1943, and are not within the limited scope of the act of March 4, 1921, as amended.
4. To provide a single, clear, definite, and workable statutory authorization for the settlement of all claims of military personnel and civilian employees of the War Department or of the Army.
5. To complete the original plan whereby the provisions for the settlement, in a substantially uniform manner, of all claims incident to the activities of the War Department or of the Army may be consolidated into three acts as follows:

    (a) Foreign Claims Act (57 Stat. 66; 31 U. S. C. 224d).
    (b) Military Claims Act (act of July 3, 1943; 57 Stat. 374; 31 U. S. C. 223b).
    (c) Military Personnel Claims Act (subject bill).

Existing statutes relating to claims covered by the proposed bill are as follows: Sections 3483–3488 of the Revised Statutes (31 U. S. C. 209–214), and the act of March 3, 1885 (23 Stat. 350), as amended by the act of July 9, 1918 (40 Stat. 880), and by the act of March 4, 1921 (41 Stat. 1436; 31 U. S. C. 218–222), and by section 6 of the act of July 3, 1943 (57 Stat. 374; 31 U. S. C. 222a, 222b).

The need for this proposed legislation is due in part to the desirability of eliminating statutory authorizations no longer necessary and resulting only in confusion. For example, there are included in the statutes cited above detailed provisions for the settlement of claims for horses, mules, oxen, wagons, carts, sleighs, harness, steamboats and other vessels, railroad engines and railroad cars.

The need for this proposed legislation is due also in part to the many changes caused by modern methods of warfare, and the vastly enlarged scope of War Department and Army activities throughout the world, not contemplated when existing statutes were enacted. There is no existing statutory authority for the settlement of many meritorious claims which do not fall within the four limited categories of the act of March 4, 1921, as amended, or any other existing statutes.

As a concrete example attention is invited to category "fourth" of section 1 of the act of March 4, 1921, upon which a narrow construction has been placed because it was intended to cover claims for property lost on the battlefield when the line of battle changed. When trench warfare predominated, the lines moved back and forth over relatively small areas of land. In the present war, in which activities in the air play so important a

719

## CONGRESSIONAL COMMENTS

part and in which there are several theaters of operations, practically the whole world has become a battlefield. It is believed, for example, that the claim of a pilot forced down over the English Channel when his plane catches fire or when an engine stops for some undetermined cause should be paid, yet there exists grave doubt that such a claim can properly be paid unless the pilot is in actual contact with the enemy or the catastrophe is caused directly by enemy action.

Although the claim of an officer or soldier who in making a change of station loses his property in a plane crash may be paid under category "third," act of March 4, 1921, the claim of a pilot who is ferrying a plane even to a foreign destination cannot be paid because he is engaged in what is termed routine military duties.

Further, personal property of military personnel is frequently lost incident to training and special field exercises, as when a plane crashes on a training flight, a landing barge overturns in practice landing operations, or grenades, land mines, or other explosives are detonated in practice operations. Such losses are not compensable under existing statutes.

Perhaps the greatest injustice is being done to those persons who lose their clothes and personal effects in barracks fires. The second category of section 1, act of March 4, 1921, is very limited in its scope. When a fire breaks out in barracks at night and a soldier is awakened in time to do nothing more than escape from the building and save his own life his claim cannot be paid, yet the claim of another soldier may be paid if he saves any item of Government property however small in value. Likewise claims of persons engaged in military duties in connection with the fire may be paid if all other statutory requirements are satisfied, but the claims of persons who are on duty elsewhere cannot be paid even if the fire was caused by the negligence of Government personnel; their claims are not payable because they do not come within the purview of the act of March 4, 1921, as heretofore construed, nor are such claims payable under the act of July 3, 1943, because the loss occurred incident to their service and such claims cannot now be paid under the act of December 28, 1922, because it is no longer applicable to the War Department.

There is set forth herein a digest of some actual cases which may be of interest as indicative to some extent of the hardships and injustices to certain classes of claimants under existing statutory authorizations. Enactment of the proposed legislation would make possible the payment administratively of a substantial number of meritorious claims, including those digested herein, still unsatisfied which the War Department has under existing legislation been compelled to act upon unfavorably. A multiplicity of special bills for private relief would thus be avoided.

By the passage of the act of April 22, 1943 (57 Stat. 66), commonly referred to as the Foreign Claims Act, the Congress made available to the War Department a thoroughly satisfactory and workable basis for the settlement of claims for damage caused by our armed forces in foreign countries.

The next forward step came with the passage of the act of July 3, 1943, which consolidated all then existing statutory provisions for the administrative settlement of claims other than claims under the Foreign Claims Act and claims of War Department and Army personnel.

The only field of statutory authorization with respect to military claims which has not been modernized to meet present conditions is that covering the claims of military personal and civilian employees of the War Department or of the Army for damage to or loss, destruction, capture, or abandonment of personal property occurring incident to the service. Fair, just, and prompt administrative processing of these claims is of paramount importance, especially in time of war. The manner in which such claims are handled and the length of time required to effect payment or other final action has a direct effect upon morale in the Army and upon relatives and friends on the home front. At the present time, members of our armed forces and civilian employees of the War Department or of

the Army stationed in all parts of the world are continuously subjected to hazards which result in loss, damage, or destruction of their personal property. It has become apparent that there is urgent need for new legislation to effect a fair, equitable, and uniform basis for the settlement of such claims.

Enactment of the subject bill would make possible the settlement by disapproval, replacement in kind, or payment in money, of claims for damage to or loss, destruction, capture, or abandonment of personal property coming within the provisions thereof to be effected, after appropriate investigation and recommendation, by the Secretary of War, with power to delegate such authority in appropriate classes of cases and under applicable Army regulations.

Attention is invited to the provision that any settlement made by the Secretary of War, or his designee, under the authority of the proposed legislation and such regulations as he may prescribe thereunder, will be final and conclusive for all purposes, notwithstanding any other provision of law to the contrary. In the absence of fraud or mistake in mathematical calculations, the findings of fact, conclusions of law and the decision of the Secretary of War, or his designee, upon the merits of any claim, would not be subject to review by any other administrative or accounting officer, employee, or agent of the United States.

For the reasons above stated, the War Department recommends enactment of the proposed legislation.

For the Judge Advocate General:

RALPH G. BOYD,
*Colonel, Judge Advocate General's Department, Chief of Claims Division.*

## ARMY—ENLISTMENTS

*For text of Act see p. 213*

### HOUSE COMMITTEE ON MILITARY AFFAIRS

House Report No. 288, March 7, 1945

THE Committee on Military Affairs, to whom was referred the bill (H. R. 2388) to provide for enlistments in the Regular Army during the period of the war, and for other purposes, having considered the same, submit the following report thereon, with the recommendation that it do pass:

H. R. 2388 would authorize the Secretary of War, during the existence of any war in which the United States is presently engaged and under such regulations as he may prescribe, to accept original enlistments and reenlistments in the Regular Army of male persons honorably serving in the Army of the United States, or any component thereof, or who were honorably discharged therefrom not more than 3 months prior to the date of such original enlistment or reenlistment. The term of such service would be for the duration of any war in which the United States is presently engaged and for 6 months thereafter or for 3 years, whichever is the longer period.

Under the provisions of the act of May 14, 1940 (54 Stat. 213), enlistments in the active military service of the United States in time of war are limited to enlistments in the Army of the United States without specification of any particular component or unit thereof. Enlistments and reenlistments in the Regular Army made prior to the application of such act were for periods of not more than 3 years. Accordingly, from