UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| KEVIN MURPHY, Administrator of the Estate of LAWRENCE MARTIN PAYNE, BARBARA GOREN and MICHAEL PAYNE, : : : : DARRELL W. DARLING and KAREN A. DARLING, Individually and as Co-Personal Representatives of the Estate of ADAM NOEL DARLING, deceased, : : : : : : KEVIN MURPHY, Administrator of the Estate of GAIL E. DOBERT, : : : Plaintiffs, : : v. : : UNITED STATES OF AMERICA, DEPARTMENT OF THE AIR FORCE and COLONEL CHARLES H. WILCOX II, : : : : Defendants. : | Civil No. 3:03CV500 (MRK)<br><br><br><br><br><br><br><br><br><br><br><br><br><br>May 20, 2004 |

SUPPLEMENTAL REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO DISMISS

Pursuant to the Order of this Court, the Defendants, United States of America, Department of the Air Force and Colonel Charles H. Wilcox ("Defendants"), hereby respectfully submit this supplemental reply brief in further support of their motion to dismiss the complaint in the above-captioned case. This brief is submitted in response to the Plaintiffs' Supplemental Memorandum in Opposition to Motion to Dismiss (Docket Entry # 34) ("Plaintiffs' Supp. Mem.").

Plaintiffs argue that the denial of claims under the Military Claims Act is subject to judicial review when there are cognizable claims of "constitutional magnitude" or where "there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error 'going to the heart of the administrative determination." See Plaintiffs' Supp. Mem. at pp. 10-11 (quoting Scroggins v. United States, 397 F.2d 295, 297 (Ct. Cl.

1968)). Plaintiffs contend that they have established their right to judicial review by articulating two claims of "constitutional magnitude", and are otherwise eligible for review under the Scroggins standard  A review of their claims reveals that the Plaintiffs have still failed to establish the jurisdiction of this Court.

First, Plaintiffs argue that the government's alleged statutory misconstruction gives rise to a violation of the doctrine of the separation of powers. See Plaintiffs' Supp. Mem. at pp. 1-7.[1] The Plaintiffs rely upon Wolke v. Dreadnought Marine, 954 F. Supp. 1133 (D. W.Va. 1997) in support of their contention. However, Wolke is factually distinguishable from the case at bar.

In Wolke, the plaintiff brought suit against his former employer after being dropped from his employer's insurance policy following an injury. Plaintiff argued, *inter alia*, that the company failed to comply with a mandate that employers give employees notification about changes in insurance coverage. The employer argued that the plaintiff was not an "eligible employee" under the FMLA, 29 U.S.C. § 2654.[2] The parties agreed that the plaintiff was not an eligible employee under the FMLA, but the plaintiff argued that he met the definition of eligible employee under the Department of Labor regulations. These regulations, found at 29 C.F.R. § 825.110, were purportedly promulgated under the Family and Medical Leave Act as ". . . necessary to carry out" the FMLA. Wolke, 954 F. Supp. at 1134 (citing 29 U.S.C. § 2654).  Section 825.110 provides in pertinent part that "[w]here the employee does not give notice of the need for leave more than two

---

[1] Plaintiffs advance a second separation of powers argument later in their submission, arguing that Congress impermissibly delegated its spending powers to the Air Force "without an intelligible principle". See Plaintiffs' Supp. Mem. at pp. 24-27. Plaintiffs admit that this argument depends upon a showing of a due process violation. See Plaintiffs' Supp. Mem. at pp. 26-27. Plaintiffs have simply not established such a violation. See infra, at pp. 4-7.

[2] Pursuant to the FMLA, an employee must work for twelve months and 1250 hours before the employee is considered "eligible" and entitled to the protection of the Act. Wolke, 954 F. Supp. at 1134 (citing 29 U.S.C. § 2611(2)(A)(I)).

business days prior to commencing leave, the employee will be deemed to be eligible if the employer fails to advise the employee that the employee is not eligible within two business days of receiving the employee's notice." Wolke, 954 F. Supp. at 1134 (quoting 29 C.F.R. § 825.110(d)).

The district court concluded that the regulation was invalid, "because it impermissibly contradicts the clear intent of Congress to restrict the class of employees eligible for the FMLA." Wolke, 954 F. Supp. at 1135. In reaching this conclusion, the court applied the two-step analysis set forth in Chevron U.S.A., Inc. v. Natural Resources Defense, 467 U.S. 837 (1984). The court examined "whether Congress has spoken on the precise issue, or whether Congress left a gap for the regulations to fill." Wolke, 954 F. Supp. at 1136. The court held:

> In this case, Congress clearly stated that employees must work for twelve months and 1250 hours to achieve eligibility under the FMLA. Congress left no explicit or implicit gap for the regulations to fill, and employees should only receive the protections of the FMLA if they have worked for twelve months and the requisite amount of time. . . . The Department of Labor regulation, 29 C.F.R. § 825.110, purports to transform employees who are ineligible under the FMLA statute into eligible employees. Under a literal application of the regulation, an employee could work for one day, then inform her employer that she is sick and is leaving. If the employer fails to tell the employee she is ineligible for FMLA leave, the regulation at issue ostensibly would "deem her eligible," even though she has worked for merely one day. Any regulatory exceptions which purport to shorten the twelve-month eligibility period are impermissible creations of the Department of Labor. . .

Wolke, 954 F. Supp. at 1136-37. The court stated that the regulations violated the separation of powers doctrine because "the executive branch has exceeded its authority and usurped Congress's role. Instead of passing a regulation that clarifies the law, the regulators passed a regulation that contradicts the law." Wolke, 954 F. Supp. at 1137. The court explained:

> In summary, then, the Constitution contemplates three distinct branches of government: the legislature, the executive, and the judiciary. Pursuant to the authority granted by the Constitution to the legislature only, Congress enacted specific criteria for eligibility for benefits provided by an Act of Congress. In purporting to enforce the law as promulgated by Congress, the executive prescribed regulations commanding the judiciary to ignore the specific criteria set forth by Congress. In doing so, the executive presumed that it could command the judiciary to invoke a doctrine traditionally applied solely in the discretion of

> the courts. Thus, in demanding that courts follow 29 C.F.R. § 825.110, the executive usurped the constitutional authority of both the legislature and the judiciary. This Court cannot tolerate a regulation that upsets the constitutional balance among the three co-equal branches of government.

Wolke, 954 F. Supp. at 1137-38.

The situation presented in Wolke is distinct from the situation in the present case. In Wolke, the court invalidated an agency regulation clearly in conflict with its statutory mandate. In this case. the Military Claims Act's enabling statute, 10 U.S.C. § 2733(a), did not enact any "specific criteria" for the processing of claims under the MCA. Section 2733 neither mandates payment of claims nor sets forth any restrictions for the denial of claims. Therefore, no reasonable argument can be made that the Air Force regulations at issue contradict any specific Congressional intent set forth in section 2733. Plaintiffs have simply failed to state a claim of "constitutional magnitude".[3]

Second, Plaintiffs argue that they have sufficiently articulated a due process claim because the Air Force paid monies on behalf of other individuals who were killed in the same air crash. See Plaintiffs' Supp. Mem. at pp. 8-10. Plaintiffs have not offered any support for this argument.

The Due Process Clause of the Fifth Amendment prohibits the United States from depriving any person of property without 'due process of law.' " Dusenbery v. United States, 534 U.S. 161, 167 (2002). "From these 'cryptic and abstract words,' . . . we have determined that individuals whose property interests are at stake are entitled to 'notice and an opportunity to be heard.' " Dusenbery v. United States, 534 U.S. at 167 (citing United States v. James Daniel Good Real Property, 510 U.S. 43, 48 (1993) and quoting Mullane v. Central Hanover Bank & Trust Co., 339

---

[3] Plaintiffs argue that the Court should review the Air Force's denial of their claims under an "arbitrary and capricious" standard. See Plaintiffs' Supp. Mem. at pp. 20-22. However, this standard comes from the Administrative Procedures Act, 5 U.S.C. § 706(2)(a), which cannot supply the basis for this Court's jurisdiction in the face of the MCA's clear preclusion of review. See 5 U.S.C. § 701(a)(1)).

U.S. 306, 314 (1950)).   As the Second Circuit has noted, "[i]n a procedural due process challenge, the question before the court is whether the process affording the plaintiff an opportunity to participate in governmental decision-making before being deprived of his liberty or property was adequate, not whether the government's decision to deprive the plaintiff of such liberty or property was ultimately correct."  Brody v. Village of Port Chester, 345 F.3d 103, 112 (2d Cir. 2003).

Plaintiffs have failed to establish a procedural due process violation in this case.  Here, the Air Force reviewed and investigated their claims in accordance with its established regulations, gave the Plaintiffs a full opportunity to present their claims in writing, and promptly informed Plaintiffs of the disposition of their claims in writing. Thus, Plaintiffs "received all the process [they were] constitutionally due." Hata v. United States   23 F.3d 230, 234 (9th Cir. 1994).

Plaintiffs argue that in denying their claims, the Air Force acted in an inconsistent manner, and that the Plaintiffs have a property interest in having "a consistent practice of a decisional body." Plaintiffs' Supp. Mem. at p. 8-10 (quoting Tarpeh-Doe v. United States, 904 F.2d 719, 724 (D.C. Cir. 1990)).   They contend that the Air Force "changed its course" by settling with other claimants and not with them.  But the Plaintiffs have not shown that the other plaintiffs were on the same footing as the Plaintiffs in this case. In fact, at oral argument counsel for the Plaintiffs indicated her belief that the other claimants were not eligible for FECA benefits and therefore the MCA was their only recourse. See Transcript at p. 35.  There is no evidence to support Plaintiffs' allegation that the Air Force arbitrarily denied their claims when paying others.[4]

---

[4]The Tarpeh-Doe case, cited by the Plaintiffs, does not support their contention that they have a property interest in this case.  That court held that "[w]hether a given statutory scheme gives rise to a protected interest depends on whether the authority promulgating the statute or regulation has placed substantive limits on official discretion."  Tarpeh-Doe, 904 F.2d at 722 (citing Olim v. Wakinekona, 461 U.S. 238, 249 (1983)).   The court concluded that there could be no due process violation where, as here, the subject regulations "fail to restrict sufficiently the decisionmaker's discretion to generate a protected interest implicating the due process clause."

Plaintiffs are far from establishing the requisite property interest. "To establish entitlement to due process protection under the Fifth Amendment, [plaintiffs] must first demonstrate they possess a property interest of constitutional dimension." Furlong v. Shalala, 156 F.3d 384, 393 (2d Cir. 1998) (citing Donato v. Plainview-Old Bethpage Cent. Sch. Dist., 96 F.3d 623, 628-29 (2d Cir.1996)). The Second Circuit continued:

> A cognizable property interest is more than just a "unilateral expectation"; it is a "legitimate claim of entitlement." Board of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Although the Constitution protects property interests, it does not create them. "Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law--rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." Id.

Furlong, 156 F.3d at 393. Plaintiffs' expectation of receiving payment under the Military Claims Act could not reasonably have arisen from the language of the MCA or its regulations. As such, the Plaintiffs' expectation is unilateral rather than a legitimate claim of entitlement.

As for the Plaintiffs' claim that judicial review is appropriate under Scroggins, Plaintiffs have failed to substantiate this contention as well. Scroggins contemplated review when there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error 'going to the heart of the administrative determination." Scroggins, 397 F.2d at 297. Plaintiff have not shown that they were deprived of any procedural rights under the Air Force's regulations, and indeed, such an argument could not find support in the Air Force's permissive regulatory scheme. And given that there is no challenge to the evidence presented in connection with their claims, Plaintiffs cannot show any error going to the "heart of the administrative determination." See Scroggins, 397 F.2d at 300 (after examining the evidence,

---

Tarpeh-Doe, 904 F.2d at 723.

holding that "[t]here is plainly no error going to the 'heart of the administrative determination' when the Commission accepts one medical view rather than another.")

As to the remainder of the Plaintiffs' arguments, the Defendants respectfully rely upon their previous submissions to this Court.

In sum, Plaintiffs have sought judicial review in this case on the grounds that they have articulated constitutional claims or <u>Scroggins</u>-type claims which overcome the finality provision of the MCA. Plaintiffs' attempts to establish such claims have failed. In the absence of such a failure of proof, this Court is without subject matter jurisdiction over the Air Force's denial of their claims. Plaintiffs' complaints about the Military Claims Act and its attendant regulations are not appropriately addressed to this Court, but rather, to Congress.

For the foregoing reasons and the reasons set forth in their moving papers, the Defendants, United States of America, Department of the Air Force and Colonel Charles H. Wilcox, request that their motion to dismiss be granted and the complaint be dismissed in its entirety.

    Respectfully submitted,

    KEVIN J. O'CONNOR
    UNITED STATES ATTORNEY


    LAUREN M. NASH, ct01705
    ASSISTANT U.S. ATTORNEY
    UNITED STATES ATTORNEY'S OFFICE
    157 CHURCH STREET, P.O. BOX 1824
    NEW HAVEN, CT  06510
    Telephone: (203) 821-3700
    Facsimile:  (203) 773-5373
    E-mail: lauren.nash@usdoj.gov

<u>CERTIFICATION</u>

      This is to certify that a copy of the within and foregoing Supplemental Reply Brief was mailed, postage prepaid, this 20th day of May, 2004, to:

Richard A. Bieder, Esq.
Ruth Daniella Weissman, Esq.
Koskoff, Koskoff & Bieder
350 Fairfield Avenue
Bridgeport, CT 06604

Justin T. Green, Esq.
Kreindler & Kreindler
100 Park Avenue
New York, NY 10017

 

LAUREN M. NASH
ASSISTANT U.S. ATTORNEY